**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**Jack P. COVELL, Appellee–Defendant.**

**No. 17A05–9106–IF–208.[1]**

Court of Appeals of Indiana,
First District.

Nov. 7, 1991.

---

1. This case was transferred to this office by order of the Chief Judge on September 16, 1991.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

The State appeals from a judgment entered in favor of Jack P. Covell in a speeding infraction action. We sustain the appeal; however, judgment for Covell stands.

## ISSUES

We restate the issues for review as follows:

1. Did the trial court err in admitting Covell's Exhibit D into evidence over the State's objection that a proper foundation had not been provided and that the State was unable to cross-examine those who made the exhibit?

2. Did the trial court err in admitting Covell's Exhibit P into evidence over the State's objection that a proper foundation had not been provided?

3. Did the trial court judge abandon his impartiality when he assisted Covell in laying a proper foundation for the admission of photographs?

4. Is there sufficient evidence to support the trial court's judgment?

## FACTS

On October 13, 1990, Waterloo Indiana Police Officer Berlin Slone, Jr. was running radar, using a K band radar unit. Sometime after 6:00 p.m., Officer Slone observed Covell's vehicle travelling at what he believed was an excessive rate. Officer Slone turned the radar unit onto Covell's vehicle and locking into Covell's vehicle, obtaining a reading of 50 m.p.h. Covell was stopped for exceeding the urban speed limit and was issued a citation for travelling 50 m.p.h. in a 30 m.p.h. zone.

On November 13, 1990, Covell entered a plea of not guilty. A bench trial was held on March 25, 1991. At trial, Covell introduced several exhibits, and Exhibits O, D, and P were admitted over objections by the State. Upon the conclusion of the trial the court ruled in Covell's favor, finding that he had "raised some very legitimate and valid issues with regards to the K-55 [K band radar unit] in general and its operation in this case in particular." Record at 211. The State now seeks appellate review on reserved questions of law pursuant to IND.CODE § 35-38-4-2(4).

Other relevant facts will be stated in our discussion of the issues.

## DISCUSSION AND DECISION

*Issue One*

■ The State asserts that the court erred in admitting Exhibit D, since it was hearsay and Covell failed to lay a proper foundation for the admission of the exhibit. We agree with the State that the trial court erred in admitting this exhibit.

The State correctly notes that hearsay is an out-of-court statement that is offered in court to prove the truth of the matters asserted therein. *Connell v. State* (1984), Ind., 470 N.E.2d 701, 705. Hearsay statements include oral as well as written evidence. *Id.* Statements that are hearsay are inadmissible unless they fall within a recognized exception. *Bustamante v. State* (1990), Ind., 557 N.E.2d 1313, 1316.

Exhibit D is a chart purportedly from the National Bureau of Standards appearing in "Road and Track" magazine. The chart is entitled "COMPARISON SUMMARY" and lists six different models of radar units and their various performance problems. The exhibit was a written statement made out of court, offered in court, by Covell, to prove the facts asserted in the exhibit: the results of tests performed by the National Bureau of Standards on traffic radars. Thus, the chart was hearsay evidence.

The State also contends that there was no foundation provided showing that the chart was authentic or the procedures used for the radar testing were reliable. We agree. Upon the admission of the chart into evidence, the only evidence presented that the chart depicted an actual test performed by the National Bureau of Standards was Covell's own hearsay statement and the article from "Road and Track," which was not admitted into evidence.

We agree with the general proposition cited by the State that the proponent of evidence must lay a proper foundation establishing the reliability of the procedure used before results of scientific tests are admitted. *Smith v. State* (1986), Ind.App., 502 N.E.2d 122, 124, *trans. denied.* There was absolutely no evidence presented by Covell as to how or under what conditions the various radar units were tested; therefore, the trial court erred in admitting Exhibit D. As for the State's contention that the error in admitting Exhibit D prejudiced the State, this is an inappropriate question for the State to appeal on a reserved question of law pursuant to I.C. § 35-38-4-2(4), since it is a question of fact. *See Issue Four.*

*Issue Two*

■ The State asserts that the trial court erred in admitting Exhibit P into evidence. Exhibit P is an operator's manual for a model K-55 radar unit, which Covell testified he obtained from an Ohio

police department. Initially, the State argues that Exhibit P is also hearsay; however, State never made a hearsay objection prior to its appeal. As we have said before, appellants may not vary the bases of their objection at the appellate level from that asserted at trial. *Babson Brothers Co. v. Tipstar Corp.* (1983), Ind.App., 446 N.E.2d 11, 17, *trans. denied.*

State also argues that since Covell never presented any evidence to authenticate Exhibit P, the trial court erred in admitting the exhibit. We agree. "As a general rule, a book or other publication other than an official book, which is printed by a private person and not shown to be approved by any public authority, is not competent evidence of the facts therein stated...." 13 I.L.E. *Evidence* § 166 (1959); *see also* 29 Am.Jur.2d *Evidence* § 886 (1967) (Includes an instruction sheet published by a manufacturer). Further, an exhibit which has not been identified sufficiently is not admissible into evidence. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286, 293; *see also* 13 I.L.E. *Evidence* § 167 (1959) (private writing's authenticity and genuineness must be sufficiently shown before it is admitted into evidence).

In the case at bar, the only evidence that in any way went to authenticating Exhibit P was Covell's unsupported allegations that the manual was supposed to be sent with each radar unit, and he received the copy of the manual from an Ohio police department. More importantly, no evidence was ever introduced that Exhibit P was the appropriate manual for the radar unit used by the Waterloo police department. Finding there was insufficient evidence to lay a proper foundation for the admission of Exhibit P, we agree with the State that the trial court erred in admitting the exhibit.

*Issue Three*

■ The State contends the trial judge improperly injected himself into the trial by helping Covell lay a foundation for Exhibit O. At trial State objected to the admissibility of Exhibit O asserting that improper foundation had been laid for the admissibility of the photographs. At this point, the

trial judge asked Covell what the photographs represented and whether they did so accurately. State argues that by aiding Covell the trial judge abandoned his position of neutrality and impartiality, thereby depriving the State of a fair trial.

The State correctly notes that especially in a bench trial, the judge may intervene in the fact-finding process in order to promote clarity or dispel obscurity, as long as he does not assume an adversarial role. *Fox v. State* (1986), Ind., 497 N.E.2d 221, 227. The purpose of this discretionary power to question witnesses is to develop the truth or present facts which may have been overlooked by the parties. *Id.* Thus, when the judge's intervention is conducted in an impartial manner and the defendant has not been prejudiced, there is no abuse of discretion. *Id.*

We cannot agree with the State's claim that the trial judge's intervention was an abuse of discretion. The State's reliance on *Decker v. State* (1987), Ind.App., 515 N.E.2d 1129, is unfounded. In *Decker*, we stated "... that a judge exceeds his fact-finding role when the judge asks questions calculated to impeach or discredit a witness." *Id.* at 1134. Here, the judge's questioning in no way served to impeach or discredit any witness.

Further, the State's argument that it was prejudiced by the admission of Exhibit P is without merit. Exhibit P was photographs showing the location where Covell was stopped. The State asserts that this was a crucial exhibit in that Covell was attempting to show an illegal speed trap in which he did not have sufficient time to reduce his speed; however, the court's ruling explicitly stated that the judge did not believe the State had deliberately set a speed trap.

*Issue Four*

■ Finally, the State argues that the judgment of the trial court is not supported by competent evidence. The State's argument amounts to a claim that the evidence was sufficient to establish Covell's violation by a preponderance of the evidence. This is an inappropriate issue for the State to raise on a reserved question of law. The question of whether there is sufficient evi-

dence to support the trial court's judgment is a matter regarding the facts of the case and not a matter of law; thus, it is an inappropriate question for this court to review on appeal of a reserved question of law. *See State v. Harner* (1983), Ind., 450 N.E.2d 1005, 1005–1006; *State v. Smith* (1990), Ind.App., 562 N.E.2d 1308, 1309.

Appeal sustained; however, judgment in favor of Covell stands.

STATON and BARTEAU, JJ., concur.