Charles PITCOCK and Velma Pitcock,
Appellants–Plaintiffs,

v.

WORLDWIDE RECYCLING, INC.
d/b/a Anderson Recycling, et
al., Appellees–Defendants.

No. 30A05–9101–CV–27.

Court of Appeals of Indiana,
Fifth District.

Dec. 9, 1991.

James O. Anderson, Jr., Lapel, for appellants-plaintiffs.

**414**

Robert M. Kelso and Jennifer Staton Stoesz, Kightlinger & Gray, Indianapolis, for appellees-defendants.

RUCKER, Judge.

Charles Pitcock sustained personal injuries when he slipped and fell on the raised portion of a floor inside a building. Charles and his wife Velma (the Pitcocks) sued Worldwide Recycling, Inc., (Tenant) and Theodore F. and Jerry R. Smith (Landlords). Landlords filed a motion for summary judgment which the trial court granted. The Pitcocks now appeal raising two issues for review which we consolidate and rephrase as: whether the trial court erred by entering summary judgment in favor of Landlords.

We affirm.

Landlords are owners of a building located in Anderson, Indiana which was leased to Tenant. The one year written lease agreement was entered November 1, 1986 and indicates, among other things, that Landlords surrendered to Tenant complete control and possession of the entire premises.

On August 7, 1987, Charles Pitcock entered the building to conduct business with Tenant. Charles was injured when he slipped and fell on a raised portion of concrete floor located in a dimly lit area near the business office. The Pitcocks sued Landlords and Tenant alleging negligence. Landlords countered by denying any liability and raising the affirmative defense of contributory negligence. Landlords filed their motion for summary judgment which the trial court granted. This appeal followed.

When reviewing the grant of a summary judgment motion, our standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Farm Bureau Co-op. v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193, *reh. denied.* We stand in the shoes of the trial court. All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *ITT Com. Finance v. Union Bank and Trust* (1988), Ind.App., 528 N.E.2d 1149. When a motion for summary judgment is made and supported by the materials contemplated by Trial Rule 56, the opposing party may not rest on his pleadings, but must set forth specific facts, using supporting materials contemplated by this rule. *Id.* If the opposing party fails to meet this burden, summary judgment may be granted.

I.

The Pitcocks allege that the raised portion of concrete on which Charles tripped and fell was hidden from his view and was hazardous to him and all other business invitees. According to the Pitcocks, Landlords were "negligent in the maintenance of such hazardous condition." *Record* at 39.

The tort of negligence is comprised of three elements: (1) a duty owed to the plaintiff, (2) a breach of that duty by the defendant, (3) which proximately causes plaintiff's damage. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. Whether a duty exists is a question of law. This court must determine whether the law recognizes any obligation on the part of the landowner to conform his conduct to a certain standard for the benefit of an invitee. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, *overruled on other grounds.*

Landlords argue they owe no duty to the Pitcocks because they gave to Tenant complete possession and control over the building. As a general rule, in the absence of statute, covenant, fraud or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant or other persons lawfully upon the leased property. *Flott v. Cates* (1988), Ind.App., 528 N.E.2d

847, 848, *reh. denied; Great Atlantic & Pacific Tea Co. v. Wilson* (1980), Ind.App., 408 N.E.2d 144.

The Pitcocks acknowledge this general rule, commonly referred to as *caveat lessee,* but contend it is subject to at least two exceptions applicable in this case; namely, a latent defect exception, and a public purpose exception. *See Hodge v. Nor–Cen, Inc.* (1988), Ind.App., 527 N.E.2d 1157, *trans. denied; Walker v. Ellis* (1955), 126 Ind.App. 353, 129 N.E.2d 65. Both exceptions are discussed below.

## II.

■ The Pitcocks correctly indicate that a landlord may be held liable for personal injuries caused by latent defects known to the landlord but unknown to the tenant and which the landlord fails to disclose. *Hodge, supra.* According to the Pitcocks, the raised portion of concrete is a latent defect. The Pitcocks direct our attention to their complaint, affidavit, and answers to interrogatories in support of their argument that there exists a genuine issue of material fact whether Landlords knew of the defect.

■ We first note the Pitcocks have failed to demonstrate that the raised portion of concrete is indeed a hidden or concealed defect. The record reveals the section of concrete was permanently constructed into the floor, was described as a "step," and was neither chipped, falling apart nor in disrepair. More importantly, however, the Pitcocks have failed to offer facts showing the alleged defect was unknown to Tenant. *Hodge, supra.*

In support of their motion for summary judgment, Landlords submitted the affidavit of Jerry Smith which indicated in part "... [Tenant] took possession of the leased premises with full knowledge of that raised portion of the floor." *Record* at 106. The Pitcocks submitted their own affidavit as well as answers to interrogatories. However, neither document sets forth facts demonstrating the alleged defective condition of the floor was known to Landlords but unknown to Tenant.

■ An adverse party to a motion for summary judgment may not rest upon the mere allegations in his pleadings once the movant has shown himself entitled to summary judgment, but rather, his response by affidavit or otherwise must set forth specific facts showing there is a genuine issue for trial. *Pike County v. State ex rel. Hardin* (1984), Ind.App., 469 N.E.2d 1188. When a motion for summary judgment is supported by affidavit and establishes a lack of any genuine issue of material fact, it is incumbent upon the opposing party to file a counter affidavit and if the opposing party fails to do so and upon the basis of the materials before the trial court, the movant is entitled to judgment as a matter of law, summary judgment may be entered against him. *Wallace v. Indiana Ins. Co.* (1981), Ind.App., 428 N.E.2d 1361.

In the case before us, Landlords demonstrated that Tenant was given complete control and possession of the leased premises with full knowledge of the allegedly defective floor. The Pitcocks failed to respond by affidavit or to otherwise set forth specific facts showing there was a genuine issue for trial. The Pitcocks can not avoid summary judgment in favor of Landlords on the theory of a "latent defect" exception.

## III.

The Pitcocks argue the "public purpose" exception to the general rule of Landlord non-liability also precludes summary judgment in this case. This exception, which we recognized in *Walker, supra,* provides:

Where premises are leased for public or semi-public purposes, and at time of lease conditions exist which render premises unsafe for purposes intended, or constitute a nuisance, and landlord knows or by exercise of reasonable care ought to know of conditions, and a third person suffers injury on account thereof, landlord is liable, because third person is there at invitation of landlord, as well as of tenant. (Citation omitted.)

*Id.* 129 N.E.2d at 73.

In the case before us, the Pitcocks contend the public purpose exception defeats

Landlords' motion for summary judgment. However, neither the Pitcocks' complaint, answers to interrogatories nor affidavit allege facts demonstrating the premises were leased for "public or semi-public purposes."

The Pitcocks assert Landlords knew or should have known that "such specific purposes involved the admission of the public to the leased premises as a part of the business operations of Worldwide." *Appellants' Brief*, p. 11. Bald assertions made in an appellate brief are not to be considered in determining whether a genuine issue of fact exists. *See Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130, 134.

Landlords' affidavit in support of their motion for summary judgment demonstrates they surrendered complete possession and control of the leased premises to Tenant. Hence, Landlords are not liable to the Pitcocks, unless there is a genuine issue that the premises were leased for public purposes. It is not necessary for Landlords, as moving parties, to support their motion with "affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 272 (emphasis in original); *See Watson Rural Co., Inc. v. Indiana Cities Water Corp.* (1989), Ind.App., 540 N.E.2d 131, 139, *trans. denied* (adopting the analysis of *Celotex, supra* in Indiana). Rather, the Pitcocks, as opponents of the motion for summary judgment, must respond by affidavit or otherwise set forth specific facts, as opposed to unsubstantiated theories, showing there is a genuine issue for trial. *Tucher v. Brothers Auto Salvage Yard* (1991), 564 N.E.2d 560, 563, *trans. denied.* If the non-movant fails to meet this burden, summary judgment is appropriate. *Id.*

The Pitcocks have failed to allege any facts indicating Landlords leased the premises to Tenant for a public purpose. The Pitcocks cannot avoid summary judgment in favor of Landlords on the theory of a "public purpose" exception.

## IV.

Finally, the Pitcocks argue Landlords leased the premises to Tenant in an unsafe and defective condition and Tenant was contractually bound to maintain the premises in that condition. In support of their argument the Pitcocks direct our attention to a portion of the lease agreement which obligates Tenant to make the necessary repairs to maintain the premises "in the same condition they are now in." *Appellants' Brief*, p. 12 citing *Record* at 107.

The Pitcocks' argument is without merit. First, the Pitcocks have failed to demonstrate that the raised portion of concrete rendered any portion of the premises unsafe or defective. Second, it strains credulity to suppose a landowner would lease a building and then insist that its tenant leave undisturbed an unsafe or dangerous condition that may be found in the building.

Where the defendant is the party moving for summary judgment, the defendant is entitled to judgment as a matter of law when it demonstrates undisputed material facts which negate at least one element of the plaintiff's claim. *Moore v. Sitzmark Corp.* (1990), Ind.App., 555 N.E.2d 1305. In the case before us the existence of a duty owed by Landlords to Tenant's invitee was one of the elements of the Pitcocks' negligence claim. Landlords, as movants for summary judgment, have demonstrated undisputed material facts which negate this claim. Accordingly, the trial court did not err by granting summary judgment in favor of Landlords.

Judgment affirmed.

BARTEAU and BUCHANAN, JJ., concur.