**Betty HOUIN d/b/a Houin Realty, Appellant–Defendant,**

v.

**Ty BURGER, A Minor, by his Mother and next of friend, Bonnie BURGER, and Bonnie Burger, Appellees–Plaintiffs.**

No. 25A05–9110–CV–331.[1]

Court of Appeals of Indiana, First District.

April 20, 1992.

---

1. This case was transferred to this office by order of the Chief Judge on March 26, 1992.

Patrick J. Hinkle, Edward N. Kalamaros & Associates, South Bend, for appellant-defendant.

Charles A. Sweeney, Jr., Michael J. Anderson, Sweeney, Pfeifer & Blackburn, South Bend, for appellees-plaintiffs.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Betty Houin d/b/a Houin Realty ("Betty") presents this interlocutory appeal from the trial court's order denying her motion for summary judgment in a personal injury action brought by Ty Burger ("Ty"), a Minor, by his Mother and next of friend, Bonnie Burger ("Bonnie"), and Bonnie on her own behalf. We reverse and remand.

## ISSUE

The certified question for appeal is:

Whether a landlord owes a duty of care to a tenant whose son was injured falling through a window in a non-common area of the leased premises if the landlord did not agree to repair the window?

## FACTS

Bonnie lived with Ty and her other children in a second floor apartment in a building Betty owned. Betty is Bonnie's mother. On March 29, 1989, Ty, an eighteen-month old child, fell through one of the windows in the second floor apartment and was severely injured. Bonnie alleges that she noticed a small crack and some loose putty in the window through which Ty fell, and that she did not try to fix it, but showed the crack to Betty. However, Bonnie conceded that she did not specifically call Betty to observe the window, and did not ask Betty to repair the window. Betty apparently never made any repairs to the apartment. Betty stated that she did not inspect the apartment after Bonnie moved in and she assumed that if anything were wrong, Bonnie would have told her. Betty admitted that she had inspected the window through which Ty fell several days before the accident, and did not see any cracks or loose putty.

Ty and Bonnie filed a complaint against Betty on January 7, 1991. Betty filed a motion for summary judgment with an accompanying memorandum and affidavits on May 13, 1991. Bonnie and Ty filed a memorandum in opposition thereto with attached affidavits. On July 5, 1991, the trial court judge denied Betty's motion for summary judgment. This order was certified as an appealable final order for interlocutory appeal on September 27, 1991. This appeal ensued. Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION

Betty argues that the trial court erred in finding that Bonnie and Ty presented genuine issues of material fact precluding sum-

mary judgment. Bonnie and Ty contend that the determination of whether Ty was an invitee, a licensee, or a tenant is one for the trier of fact. We find that the trial court erred in not granting Betty's motion for summary judgment.

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 994. We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without determining weight or credibility. *Id.* Only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law should summary judgment be granted. *Id.* The movant bears the burden of proving the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed favorably to the non-movant. *Jackson v. Warrum* (1989), Ind.App., 535 N.E.2d 1207, 1210. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 54.

■■■ Even so, summary judgment should not be used as an abbreviated trial and is rarely appropriate in negligence actions; issues of negligence, contributory negligence, causation, and reasonable care are most appropriately left for a determination by the trier of fact. *Jackson,* 535 N.E.2d at 1210–1211. However, whether a duty exists is a question of law for the court and absent a duty, no actionable negligence can arise based on a breach of such. *Robinson v. Kinnick* (1989), Ind.App., 548 N.E.2d 1167, 1168, *trans. denied.*

■■■ Initially, we dispose of Bonnie and Ty's assertion that Ty was an invitee in relation to Betty. To qualify as an invitee, Ty must be either a public invitee or a business visitor to a premises that Betty controls. *See Burrell v. Meads* (1991), Ind., 569 N.E.2d 637, 642. However, Ty

was not injured while involved in an activity "directly or indirectly connected with business dealings with the possessor of land." *See id.* Rather, Ty resided there with his family. Moreover, Ty was not a public invitee, since he was not invited onto Betty's property for a purpose for which the land was held open to the public; rather, Ty lived in an apartment Betty owned. *See* Restatement (Second) of Torts § 332 (1965). Betty had surrendered control of the apartment, however, to Bonnie and her family and without control of property, cannot be responsible for its condition. *See City of Bloomington v. Kuruzovich* (1987), Ind.App., 517 N.E.2d 408, 411, *trans. denied* (law imposes a duty on those who control property because they can remedy dangerous conditions on property). Ty cannot be characterized as either a public invitee or a business visitor; thus, he may not take advantage of the higher standard of care which benefits invitees.[2]

■■■ Further, if Ty were a licensee while on Betty's premises, which we do not find, he could not establish any liability. A landowner owes a licensee the duty to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril. *Burrell,* 569 N.E.2d at 639. The landowner also has a duty to warn a licensee of any latent danger on the premises of which the landowner has knowledge. *Id.* Ty and Bonnie's complaint sounds in simple negligence, rather than alleging that Betty acted willfully or wantonly in injuring Ty. Record at 7–9. Additionally, the window's condition cannot be said to be a latent danger in the apartment because Bonnie states that she noticed a crack in the window and some loose putty. Record at 99–100. A defect of which the plaintiff is aware cannot be deemed latent. *See Pitcock v. Worldwide Recycling, Inc.* (1991), Ind.App., 582 N.E.2d 412, 415 (landlord may be held liable for personal injuries caused by latent defects known to landlord but *unknown to tenant* which landlord fails to disclose) (emphasis added). There-

---

2. Also, Ty does not qualify as a social guest of Betty; rather, he and his family occupied and controlled the apartment in question. Thus, the

family is more properly characterized as tenants of Betty. *See Burrell,* 569 N.E.2d at 643 (discussing characteristics of social guests).

fore, Ty and Bonnie may only be characterized as tenants while in Betty's building.

For a lessee to recover on a theory of negligence, he must show a duty on the part of the lessor and a breach of that duty. *Frost v. Phenix* (1989), Ind. App., 539 N.E.2d 45, 47. In the absence of statute, covenant, fraud or concealment, a landlord who gives a tenant full control and possession of leased property will not be liable for personal injuries sustained by the tenant and other persons lawfully upon the leased property. *Pitcock*, 582 N.E.2d at 414; *Flott v. Cates* (1988), Ind.App., 528 N.E.2d 847, 848. However, even though a landlord has purportedly transferred the possession of property to a lessee, if the landlord has retained control over the premises, the landlord may be subject to liability. *Coleman v. DeMoss* (1969), 144 Ind.App. 408, 416, 246 N.E.2d 483, 487. A landlord is not liable for a tenant's personal injuries stemming from the defective premises unless he expressly agrees to repair and is negligent in doing so. *Frost*, 539 N.E.2d at 47.

We find that Bonnie and Ty were tenants in relation to Betty. The record shows no evidence that Betty ever expressly agreed to repair the window through which Ty fell; indeed, Bonnie admits that Betty never so agreed. Record at 37; 102.[3] Because Betty did not agree to repair the window, she had no duty to Ty. *See Pitcock*, 582 N.E.2d at 414; *Hunter v. Cook* (1971), 149 Ind.App. 657, 662, 274 N.E.2d 550, 553 (affirming summary judgment for landlord where no agreement to repair); *cf. Childress v. Bowser* (1988), Ind.App., 526 N.E.2d 1209, 1210, *aff'd*

(1989) Ind., 546 N.E.2d 1221 (evidence was equivocal regarding whether landlord agreed to repair leased premises; thus, factual issue existed precluding entry of summary judgment).[4] Bonnie concedes this and may not now contradict her testimony by arguing the opposite in her brief. *See Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310, 1314 (if party examined at length in deposition could raise issue of fact by later contradicting such testimony, utility of summary judgment would be diminished); *Czarnecki v. Hagenow* (1985), Ind.App., 477 N.E.2d 964, 966 (contradictory testimony by nonmovant may not be used by him to defeat summary judgment motion).

We also note that Bonnie's attempt to create an issue of fact regarding Ty's status in Betty's building by contradicting herself is unavailing. Summary judgment is inappropriate where the information before the court reveals a good faith dispute as to the inferences to be drawn from the evidence. *Rauck v. Hawn* (1990), Ind.App., 564 N.E.2d 334, 337; *see Duran v. Komyatte* (1986), Ind.App., 490 N.E.2d 388, 392, *trans. denied* (just because matter is placed in issue by pleadings does not make it factual issue sufficient to preclude summary judgment) *see also Lawlis v. Kightlinger & Gray* (1990), Ind.App., 562 N.E.2d 435, 439, *trans. denied* (in determining whether issues of material fact exist in considering motion for summary judgment, factual disputes that are irrelevant or unnecessary will not be considered). In Bonnie's deposition, she admitted that she paid certain sums for utilities and rent, which clearly qualify her and her children as ten-

---

**3.** Bonnie and Ty argue that Betty's alleged statements at the hospital, related in the affidavit of Laurie Beck, somehow impute a duty to Betty. *See* Record at 143–144; Appellee's Brief at 9. However, Beck's statement of what Betty said while at the hospital is undoubtedly hearsay. *See Covell v. State* (1991), Ind.App., 580 N.E.2d 704, 706. Whether such hearsay were admissible at trial, Betty's statement does not equate into a duty to Ty. Rather, the relevant inquiry is whether Betty, as landlord, agreed to repair the window through which Ty fell. *See Pitcock*, 582 N.E.2d at 414.

**4.** Similarly, as discussed above in the context of Ty's potential status as an invitee in relation to Betty, the "public purpose" exception for landlord liability is inapplicable because the apartment was not leased for public or semi-public purposes. *See Pitcock*, 582 N.E.2d at 416. Indeed, Bonnie and Ty concede that neither the "public purpose" exception, nor the latent defect exception apply to their situation. Appellee's Brief at 10.

ants in Betty's building. Record at 102–103; 106; *see* Record at 121–122. She may not now on appeal deny her status as a tenant to create a factual dispute to survive Betty's summary judgment motion. *See* Appellee's Brief at 6.[5]

 Bonnie also seems to imply that Betty's failure to repair a broken bedroom window, after agreeing to do so, somehow imputes an agreement by Betty to repair the entire apartment, including the window through which Ty fell. Appellee's Brief at 11; *see* Record at 108. However, Bonnie cites no authority for this novel proposition, which normally results in waiver of an argument under Ind. Appellate Rule 8.3(A)(7). Notwithstanding possible waiver, we have found no Indiana precedent which supports such a tenet. The cases construing the duties of landlords to their tenants are well-entrenched in Indiana law, and as an intermediate appellate tribunal, we may not change them even if we were to agree with Bonnie's contention.

Similarly, Bonnie's law development argument is unavailing. Appellee's Brief at 12–15. As discussed above, we may not delineate changes in property law in this state; such policy concerns are better addressed to our legislature. Moreover, although *Burrell*, 569 N.E.2d 637, significantly expanded the concept of premises liability, we cannot say that that decision's holding may be stretched to include a serious expansion of landlords' responsibilities to their tenants.

In sum, we find that Bonnie and Ty were tenants in Betty's building and could only recover for Ty's injuries if Betty agreed to repair the window and failed to do so. Because we find that Betty did not agree to repair the window and no issues of material fact exist regarding Betty's duty to Ty, the trial court's denial of Betty's motion for summary judgment was error. We re-

verse and remand with instructions to enter summary judgment in Betty's favor.

Reversed and remanded.

SHARPNACK, and BUCHANAN, JJ., concur.

---

5. However, even if we were to find that Bonnie were not prevented from varying her assertions regarding her status by virtue of her payment of rent and utility expenses on appeal, we would still find that Betty's motion for summary judg-

ment should have been granted. As discussed above, even if characterized as licensees, Bonnie and Ty could not recover; moreover, the facts do not support a finding that Ty was an invitee of Betty when he fell.