Richard A. ROSI, Appellant–Plaintiff,

v.

BUSINESS FURNITURE CORPORATION, Appellee–Defendant.

No. 30A05–9203–CV–79.

Court of Appeals of Indiana, Fifth District.

Oct. 27, 1992.

Rehearing Denied Dec. 1, 1992.

Frank B. Harshey, Indianapolis, for appellant-plaintiff.

David E. Wright, Robert C. Wolf, David D. Robinson, Johnson, Smith, Densborn, Wright & Heath, Indianapolis, for appellee-defendant.

RUCKER, Judge.

Richard A. Rosi (Rosi) was employed by Business Furniture Company (BFC) as a sales manager. When BFC was purchased by new owners, Rosi's department was eliminated and he was discharged. Rosi then filed suit against his former employer alleging that he was entitled to more than $75,000.00 in unpaid compensation. As a part of his complaint Rosi attached a copy of a document purporting to represent the compensation agreement between Rosi and BFC. BFC filed its motion for summary judgment arguing the document was not an enforceable contract. The trial court agreed and granted the motion. Rosi now appeals arguing the trial court erred in entering summary judgment in favor of BFC.

We reverse.

The undisputed facts reveal in May, 1984, BFC hired Rosi to manage its floor covering department. BFC agreed to pay Rosi $40,000.00 per year against a commission of 26% of the adjusted gross profit from sales. Rosi worked for BFC without incident until 1987 when new owners purchased the company and eliminated the floor covering department. As a result, the newly organized BFC terminated Rosi's employment on October 13, 1987.

Rosi filed this action against BFC alleging that Rosi was not compensated according to the terms of his employment agreement. According to Rosi, the agreement was reduced to writing in the form of an internal memorandum entitled a "Personal Action Request" (PAR). Rosi claimed BFC misrepresented the adjusted gross profits for the years 1985 thru 1987 and shortchanged him by calculating the 26% commission from the misrepresented figures. In addition, Rosi's complaint included a count alleging fraud and a count alleging that he was entitled to liquidated damages under Ind.Code § 22–2–5–2.[1] BFC denied the material allegations of Rosi's complaint and after conducting discovery, the parties filed cross motions for summary judgment. The trial court granted BFC's motion and denied Rosi's motion. In so doing the court entered detailed findings indicating, among other things, (a) Rosi's contract claim was based exclusively on the PAR, and (b) the PAR was not an enforceable contract. Rosi now appeals the trial

---

1. Indiana Code § 22–2–5–2 dictates in relevant part:

**Payment violation—Penalty and damages.—** Every such person, firm, corporation, or association who shall fail to make payment of wages to any such employee as provided in section 1 [I.C. § 22–2–5–1] of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent of the amount due to him in addition thereto, not exceeding double the amount of wages due....

court's grant of summary judgment in favor of BFC. He does not challenge the trial court's denial of his own motion for summary judgment.

■ Findings entered by the trial court regarding its reasons for entering summary judgment are helpful to the reviewing court and afford the appellant an opportunity to address the merits of the trial court's rationale. *Fort Wayne Patrolman's Benevolent Ass'n, Inc. v. City of Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295, *reh. denied,* 411 N.E.2d 630. However, this court is not bound by such findings. *Green v. Perry* (1990), Ind.App., 549 N.E.2d 385, *trans. denied.* Rather, when reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Ayres v. Indiana Heights Volunteer Fire Dep't, Inc.* (1986), Ind., 493 N.E.2d 1229. We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without deciding its weight or credibility. All evidence must be construed in favor of the non-moving party, and all doubts as to the existence of a material issue must be resolved against the moving party. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *ITT Com. Finance v. Union Bank & Trust* (1988), Ind. App., 528 N.E.2d 1149. In order to determine whether a genuine issue of fact exists, we must accept as true all facts alleged by the non-moving party and resolve any doubt as to the existence of a genuine issue of fact against the moving party. *Whitebirch v. Stiller* (1991), Ind.App., 580 N.E.2d 262.

■ Both parties to this action devote considerable time discussing whether the PAR is an enforceable written contract. Even if we were to agree with BFC that the document is not a contract and therefore not enforceable, our inquiry does not end. In his second amended complaint Rosi alleged he negotiated a compensation package with BFC for 26% commission on the adjusted gross profits of his department. Rosi goes on to allege that he was not fully compensated because BFC mis-

represented the amounts of its adjusted gross profits. In his complaint Rosi identifies the PAR as the "compensation agreement reduced to writing." *Record* at 781. However, a written instrument may demonstrate the existence of an agreement even though the instrument itself is not an enforceable contract. *Tuthill Corp., Fill-Rite Div. v. Wolfe* (1983), Ind.App., 451 N.E.2d 72.

In its motion for summary judgment BFC did not allege there was no compensation agreement between the parties during the time of Rosi's employment. Nor did BFC allege that it properly represented the adjusted gross profits of the floor covering department for the years 1985 through 1987. Rather, BFC argued three issues in support of its motion for summary judgment: 1) there was no agreement to compensate Rosi for sales completed after his discharge, 2) there were no facts supporting Rosi's fraud claim and 3) the PAR was not an enforceable contract.

■ A party moving for summary judgment bears the burden of proof to demonstrate the absence of a material factual issue. *LaPorte County v. James* (1986), Ind.App., 496 N.E.2d 1325. Where the defendant is the party moving for summary judgment, the defendant is entitled to judgment as a matter of law only when it demonstrates undisputed material facts which negate at least one element of the plaintiff's claim. *Moore v. Sitzmark Corp.* (1990), Ind.App., 555 N.E.2d 1305. In this case, neither of BFC's allegations in support of its summary judgment motion show undisputed facts negating an element of Rosi's claim that an enforceable agreement existed.

■ BFC insists it is entitled to summary judgment because Rosi's sole theory of recovery before the trial court was the PAR's existence as an alleged written agreement. According to BFC, the PAR is not a contract and Rosi is now attempting, for the first time on appeal, to advance the alternative theory of an oral agreement. We do not agree with BFC's assessment.

The pleadings in this case, including BFC's designated material contemplated by

Trial Rule 56(C), demonstrate at the very least that Rosi alleged an agreement existed between the parties. That the complete details of the agreement were or were not reduced to writing does not alter the fact that Rosi alleged an agreement existed. It is well settled that an agreement need not be in writing in order to be enforceable. *Foster v. United Homes Improvement Co., Inc.* (1981), Ind.App., 428 N.E.2d 1351.

We also note that the parties submitted their lists of witnesses and contentions in compliance with the trial court's order. Rosi's contentions dictated in part:

> 4. The Defendant and the Plaintiff agreed that the Plaintiff would be paid a draw of $40,000.00 per year (later raised to $44,000.00) against a commission of 26% of the sales minus cost of sales of the Defendant's Floor Covering Department.

In commenting on this contention, BFC observed "Paragraph 4 above merely asserts immaterial *undisputed facts* regarding the method of draw payment. This fact was never in dispute...." *Appellee's Brief* at 14 (emphasis added). It is Rosi's contention, however, that BFC breached its agreement by misrepresenting the amount of sales for the department. BFC presented no facts challenging this contention.

As the moving party for summary judgment, BFC had the burden of showing it had not entered into any agreement with Rosi. BFC has failed to carry its burden. Therefore, summary judgment in favor of BFC is inappropriate.

We reverse.

BARTEAU, J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge.

I respectfully dissent.

According to Ind.Trial Rule 56(C), summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Where, as here, the defendant is the party moving for summary judgment, the defendant is enti-

tled to judgment as a matter of law when it demonstrates undisputed material facts which negate at least one element of the plaintiff's claim. *Pitcock v. Worldwide Recycling, Inc.* (1991), Ind.App., 582 N.E.2d 412, 416. The majority opinion states that BFC failed to show undisputed facts negating an element of Rosi's claim that an enforceable agreement existed; however, the evidentiary matter Rosi *specifically designated* to the trial court concerned only the PAR document. As BFC notes, it was not until Rosi's Motion to Reconsider Ruling on Motions for Summary Judgment that he put forth the alleged oral agreement as an alternative theory of recovery. Under T.R. 56(H), this Court cannot reverse summary judgment on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto were specifically designated to the trial court.

I agree with the trial court's finding that the PAR document was merely an interoffice memorandum rather than an employment contract. I also agree with the trial court's finding that, due to the lack of an agreement as to compensation for profits acquired after termination of employment, Rosi had no entitlement to such compensation. Therefore, I would affirm the trial court's grant of summary judgment in favor of BFC.