**Jane WRIGHT, Appellant–Defendant,**

v.

**Phillip K. CARTER, Appellee–Plaintiff.**

No. 43A04–9109–CV–297.

Court of Appeals of Indiana,
Fourth District.

March 9, 1993.

Roland W. Gariepy, Fort Wayne, for appellant-defendant.

Michael L. Miner, Valentine & Miner, Warsaw, for appellee-plaintiff.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant Jane Wright (Wright) appeals the entry of summary judgment for payment of a $50,000.00 check in favor of Plaintiff–Appellee Phillip Carter (Carter). We reverse.

### Issue

Wright presents one issue for our review, which we restate as follows: Whether the trial court properly granted summary judgment in favor of Carter by finding him to be a holder in due course.

### Facts and Procedural History

The facts relevant to the appeal indicate that Wright issued a check to James M. Jones in the amount of $50,000.00. Jones endorsed the check and delivered it to Phillip Carter. Carter deposited the check in his company's account, and Wright's bank dishonored the check because of lack of sufficient funds. Carter sent a certified letter to Wright which notified her that the check had been dishonored and demanded payment. Wright denied liability to Carter on the check.

Carter and Mar–Tech filed a motion for summary judgment. Carter designated to the court the parts of the record that supported the motion. Carter's affidavit alleged he had no knowledge when the check was tendered to him that it would be dishonored. In her answer to the complaint, Wright alleged lack of consideration and bad faith. Wright filed affidavits from

herself and James Jones in response to the motion.

The trial court granted summary judgment in favor of Carter. In so doing, the court found there were no genuine issues of fact with respect to Wright's obligation upon the check because Carter was a holder in due course and entitled to judgment on the check. The court also found that Carter may have known there were insufficient funds in Wright's account at the time the check was presented for payment. Judgment was entered against Wright in the amount of $50,000.00 plus 8% interest from February 1, 1989.

### Discussion and Decision

We must decide whether the trial court properly granted summary judgment in favor of Carter, finding him to be a holder in due course of the check. Wright argues that a genuine issue of fact existed concerning Carter's status as a holder in due course, and summary judgment should have been denied.

▬ In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. A trial court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *State Board of Tax Com'rs v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39, *trans. denied.* Evidence must be construed in favor of the nonmovant, and any doubt about the existence of a genuine issue of material fact must be resolved against the moving party. Even if the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. T.R. 56(C); *Peters v. Judd Drugs, Inc.* (1992), Ind.App., 602 N.E.2d 162, 164, *trans. denied.* The existence of a genuine issue of material fact shall not be a ground for reversal unless such fact was designated to

the trial court and is included in the record. T.R. 56(H); *Block v. Lake Mortg. Co., Inc.* (1992), Ind.App., 601 N.E.2d 449, 450, *rehearing denied.* In addition, this Court will affirm a grant of summary judgment, absent a genuine issue of material fact, on any legal basis supported by the record. *Id.*

▬ Carter argues he is entitled to summary judgment because Wright did not file a response to his motion for summary judgment and did not designate any material factual issues to the court as required by Ind.Trial Rule 56(C).[1] We may not search the entire record in determining the propriety of a grant of summary judgment. *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411, 415. The record for appellate review is comprised only of those portions of the record specifically designated to the trial court. *Id.*

▬ Here, Carter designated to the court the portions of the record upon which he relied in support of his motion for summary judgment. Wright also designated the portions of the record upon which she relied to oppose the motion and designated the material factual issues and the evidence relevant thereto. Her response to the motion was in the form of two affidavits. Carter argues this was not a proper response under the 1991 amendments to T.R. 56(C). However, T.R. 56(E) provides that the response of an opponent of the motion may be made "by affidavits or as otherwise provided by the rule." *See also, Czaja v. City of Butler* (1992), Ind.App., 604 N.E.2d 9, 10. Therefore, Wright's affidavits were a proper response in opposition to the motion for summary judgment, and the evidence contained therein may properly be considered. We would note that Wright's affidavits were also timely filed. The court granted Wright two extensions of time in which to respond to the summary judgment motion. Wright filed the affidavits before

---

1. Ind.Trial Rule 56(C), as amended in 1991, provides in pertinent part: "At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto...."

the date of the last extension. Because Wright properly designated facts to the trial court, we must determine whether these facts raise a genuine issue of material fact.

 We are not bound by the trial court's findings. *Rosi v. Business Furniture Corp.* (1992), Ind.App., 601 N.E.2d 408, 409, *rehearing denied.* We must consider the pleadings and evidence submitted by the parties, as provided by T.R. 56(C), without deciding their weight or credibility. *Id.*

 Under Indiana's version of the Uniform Commercial Code, the sole issue is whether Carter was a holder in due course and entitled to judgment on the check as a matter of law. IC 26–1–3–302 states: (1) A holder in due course is a holder who takes the instrument (a) for value, (b) in good faith and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. A holder is a person in possession of the instrument. IC 26–1–1–201(20). A holder takes for value when he takes the instrument in payment of or as security for an antecedent claim whether or not it is due. IC 26–1–3–303(b). Good faith means honesty in fact in the conduct or the transaction concerned. IC 26–1–1–201(19).

A person has notice of a claim or defense if he has notice that the obligation of any party is voidable in whole or in part. IC 26–1–3–304. A person has notice of a fact if: (a) he has actual knowledge of it; or (b) he has received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know it exists. IC 26–1–1–201(25). *E. Bierhaus & Sons, Inc. v. Bowling* (1985), Ind.App., 486 N.E.2d 598, 603.

The evidence most favorable to Wright as the nonmovant indicates that Wright made the check payable to James M. Jones, and Jones endorsed the check over to Carter. In his affidavit, Jones stated he told Carter when he gave him the check that there were not sufficient funds in the account to honor the check. Jones also stated the check was given to Carter as a loan, and was not in exchange for machinery or stock. His affidavit further stated that Carter deposited the check in his account to defraud one of his company's suppliers.

The findings of the trial court reveal the trial judge found Carter to be a holder in due course, but also found that Carter may have known that there were not sufficient funds in Wright's account for payment of the check. The findings of the court, and the evidence presented by Wright, indicate that there is a genuine issue of material fact concerning Carter's status as a holder in due course. The facts are in conflict concerning Carter's good faith and his taking the check for value. Therefore, Carter was not entitled to judgment as a matter of law.

Reverse and remand.

MILLER and NAJAM, JJ., concur.