**Kimberly R. COLEN and R. David Boyer, Trustee in Bankruptcy for Kimberly R. Colen, Appellants–Plaintiffs,**

v.

**PRIDE VENDING SERVICE, Appellee–Defendant.**

No. 06A01–9410–CV–337.

Court of Appeals of Indiana.

Aug. 24, 1995.

Rehearing Denied Oct. 26, 1995.

Stephen B. Caplin, Caplin Pehler Park & Tousely, Indianapolis, for appellants.

Glenn E. Davis, Sr., Davis Davis & Langan, Indianapolis, for appellee.

ROBERTSON, Judge.

Kimberly R. Colen and R. David Boyer, Trustee in Bankruptcy for Kimberly R. Colen [Colen], appeal the summary judgment in favor of Pride Vending Service in Colen's lawsuit against Pride to recover for personal injuries suffered as the result of an electrical shock by a vending machine owned and operated by Pride. Colen raises four related issues (which we consolidate for analysis), none of which constitute reversible error.

## FACTS

The facts in the light most favorable to nonmovant Colen reveal that, in October of 1990, she purchased a frozen candy bar from a vending machine in the office building where she worked. When Colen opened the door of the vending machine to take out her candy bar, she received an electrical shock from the vending machine. The shock prevented Colen from letting go of the door. The present lawsuit is based on Colen's claim to recover for personal injuries suffered from the shock.

Colen sued the 1) College Life Development Corporation (the owner of the office building), 2) Pyramids Management (the manager of the office building), 3) Intelex (the general contractor responsible for the renovation of the area of the building where the vending machine in question was located), 4) Mott Electrical Services (the electrical subcontractor who performed the electrical work in that area), and 5) Appellee Pride (the owner and operator of the vending machine). Colen alleged in her complaint that Pride had negligently failed to maintain the vending machine. Colen filed for bankruptcy and the bankruptcy trustee has prosecuted this action on behalf of the estate.

Ultimately, all defendants, except Pride, had filed motions for summary judgment complete with designated materials. In due course, the trial court held a hearing on these motions. During the hearing, Pride made an oral motion for summary judgment based upon the arguments and designated materials of another defendant. The trial court granted summary judgment with respect to all defendants entering the following written reasons in support of its decision [1]:

4. (Colen) has been unable to testify from personal knowledge as to the cause of her injury.

5. No evidence has been brought forth which could explain her injury or lead to a question of material fact regarding the proximate cause of her injury.

6. There is no evidence in the record which discloses a defect in the vending machine where (Colen) was allegedly shocked.

\*   \*   \*   \*   \*   \*

### CONCLUSIONS OF LAW

\*   \*   \*   \*   \*   \*

5. The Court has found no evidence in the record to support [Colen's] allegations that a defect in the machine owned and/or operated by Pride Vending Service caused [her] injuries.

\*   \*   \*   \*   \*   \*

9. (Colen) has failed to carry her burden of demonstrating the existence of material questions of fact regarding the cause of her injury, ...

10. ... [Colen] cannot identify the source of the electrical shock, other than the vending machine. In her answers to interrogatories regarding the absence of the Ground–Fault Interrupter, she indicates an area where 'water *may* accumulate, such as *could* happen *if* ...' AGFCI 'installed *might* have prevented ...', or 'not having a GFCI *may have* allowed.' This is merely guesswork.

11. [Colen] is required to come forward with some evidence, as opposed to guesses, that the shock was due to an absence of the GFCIU, or due to other acts of the Defendants.

\*   \*   \*   \*   \*   \*

13. Pursuant to Trial rule 56(B), Defendant Pride Vending Service is entitled

---

1. In summary judgment proceedings, the entry of specific findings and conclusions aids the Court of Appeals' review by providing it with the state-ment of reasons for the trial court's decision, but has no other effect. *P.M.S., Inc. v. Jakubowski* (1992), Ind.App., 585 N.E.2d 1380, 1381.

to judgment as a matter of law upon (Colen's) complaint.

(Emphasis original, pertinent parts only). This appeal, challenging only the summary judgment in favor of Pride, ensued.

## DECISION

Colen argues the trial court erred in granting of summary judgment in favor of Pride because 1) Pride had not filed a written motion for summary judgment, 2) Pride had made no written designation of evidence in support of its motion for summary judgment, 3) Pride's oral motion for summary judgment entertained (and ultimately granted) at the hearing held on the other defendants' motions for summary judgment deprived Colen of ten days advance notice of the hearing on Pride's motion, and 4) the other defendants' motions for summary judgment were based upon rationale unrelated to Colen's cause of action against Pride in which she alleged that Pride had negligently failed to maintain the vending machine. We disagree.

■ We hold that Colen's first three arguments are appropriately disposed of by the plain language of Ind.Trial Rule 56(B) which reads as follows:

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. When any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party.

In *McCutchan Estates Corporation v. Evansville–Vanderburgh County Airport Authority District* (1991), Ind.App., 580 N.E.2d 339, 342, we relied on T.R. 56(B) for the proposition that the trial court had authority to enter summary judgment for one defendant, even though the motion with respect to that defendant had not been served ten days before the hearing, because the hearing had been properly set on the motions of the other defendants.

■ The same result obtains in the present case. The trial court had the authority to enter summary judgment in favor of Pride based upon the issues properly raised by the other defendants. Thus, the only remaining issue is Colen's assertion that the motions of the other defendants were not based upon issues dispositive to Colen's claim against Pride—that Pride negligently failed to maintain the vending machine.

■ Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Great Lakes Chemical Corp. v. International Surplus Lines Insurance Co.* (1994), Ind.App., 638 N.E.2d 847, 849. In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton* (1994), Ind.App., 641 N.E.2d 665, 667. A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating the trial court erred. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434. Nevertheless, this court must carefully scrutinize the trial court's decision to ensure that the losing party is not improperly denied his day in court. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190.

■ Our analysis proceeds from the premise that summary judgment is rarely appropriate in negligence actions. *McKinney v. Public Service Company* (1992), Ind.App., 597 N.E.2d 1001, 1005, *trans. denied.* Nevertheless, a defendant is entitled to judgment as matter of law when undisputed material facts negate at least one element of plaintiff's claim. *Pitcock v. Worldwide Recycling, Inc.* (1991), Ind.App., 582 N.E.2d 412, 416. The moving party bears the burden of showing the absence of a factual issue and his entitlement to judgment as a matter of law. *McKinney,* 597 N.E.2d at 1005. When the defendant makes a motion for summary judgment supported by materials contemplated by T.R. 56, the plaintiff may not rest on her pleadings, but must set forth specific facts controverting the claim for summary

judgment, using supporting materials contemplated by the rule. *Pitcock*, 582 N.E.2d at 414. If the opposing party fails to meet this burden, summary judgment may be granted. *Id.*

Negligence cannot be established by inferential speculation alone. *Crum v. AVCO Financial Services of Indianapolis, Inc.* (1990), Ind.App., 552 N.E.2d 823, 830, *trans. denied.* An expert's opinion that something is "possible" or "could have been" is insufficient by itself to support a material factual question. *R.E.G. v. L.M.G.* (1991), Ind.App., 571 N.E.2d 298, 303. Testimony based on conjecture or speculation is insufficient to support a claim. *Id.* Qualitatively, evidence fails when it cannot be said reasonably that the intended inference may logically be drawn therefrom. *Ramon v. Glenroy Construction Company, Inc.* (1993), Ind. App., 609 N.E.2d 1123, 1132, *trans. denied.* The failure of an inference may occur as a matter of law when the intended inference can rest on no more than speculation or conjecture. *Id.*

As set out above, the trial court's reasoning in granting summary judgment was that Colen was unable to come up with any evidence, other than guesswork, regarding the *cause* of the electrical shock that injured her. Liability in negligence is predicated upon proximate cause. *Pitcock*, 582 N.E.2d at 414; *McKinney*, 597 N.E.2d at 1005.

We would note that Colen has never recited the magic Latin incantation "res ipsa loquitur" that could have possibly raised an inference of negligence in the present case. *See Shull v. B.F. Goodrich Co.* (1985), Ind. App., 477 N.E.2d 924, 926–927, *trans. denied.* Thus, at the present procedural posture, the theory has been waived. *See Franklin Bank and Trust Co. v. Mithoefer* (1990), Ind., 563 N.E.2d 551, 553 (The grant of summary judgment may not be reversed upon a theory not properly presented to the trial court).

Colen baldly asserts that her injuries were the result of Pride's negligence in maintaining the vending machine. However, Colen has failed to advance any evidence, other than guesswork, regarding the cause of the shock, much less any evidence that demonstrates that Pride's negligence in maintaining the vending machine caused the shock. Colen failed to controvert the defendants' negation of the element of cause (or proximate cause) essential to sustain her claim of negligence against any of the defendants. Therefore, the trial court appropriately entered summary judgment in favor of all defendants.

Judgment affirmed.

NAJAM and RUCKER, JJ., concur.