## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 11 2016, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Anthony S. Churchward | R. David Boyer |
| Anthony S. Churchward, P.C. | Boyer & Boyer |
| Fort Wayne, Indiana | Fort Wayne, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio Trujillo, <br> *Appellant-Defendant,* <br><br> v. <br><br> Bernard J. Vodde, <br> *Appellee-Plaintiff.* | August 11, 2016 <br><br> Court of Appeals Cause No. 02A03-1601-SC-45 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Brian D. Cook, Magistrate <br><br> Trial Court Cause No. 02D09-1508-SC-12882 |

**Barnes, Judge.**

# Case Summary

Antonio Trujillo appeals a judgment against him for $5,000.00 in favor of Bernard Vodde. We reverse.

# Issue

The sole issue before us is whether there is sufficient evidence to support the judgment.

# Facts

On August 1, 2015, Vodde was on the front porch of his home in Fort Wayne when three boys approached him and began talking to him. Vodde recognized only one of the boys, sixteen-year-old K.T., who is Trujillo's son. Vodde and his wife offered the boys a drink and talked to them about various items in Vodde's garage. During the conversation, one or two of the boys left the garage and then came back. Vodde never saw any of the boys enter his house. After the boys left, Vodde went inside his house and noticed a number of items missing, including a wallet, a handgun, some food and beverages, and a large amount of jewelry. Later, one of the boys, whom Vodde did not identify, returned Vodde's wallet to him, missing the credit cards and cash it had contained.

Police detained K.T. and questioned him regarding the missing property from Vodde's home. K.T. denied ever entering Vodde's home or taking any property from him, and he refused to identify the two boys who were with him. Eventually, K.T. was alleged to have committed disorderly conduct, based on

his conduct while being detained by the police, and he was found to be delinquent for committing that offense.

[5] On August 17, 2015, Vodde filed an action in small claims court against Trujillo, alleging K.T. was involved in the theft of items from his home and seeking to hold Trujillo liable for K.T.'s conduct. The small claims court conducted a bench trial on November 12, 2015. Afterwards, the court entered judgment in favor of Vodde for $5,000.00. Trujillo now appeals and has obtained a certified statement of the evidence pursuant to Indiana Appellate Rule 31 because no transcript of the trial was available.

## Analysis

[6] Trujillo contends there is insufficient evidence that his son K.T. was in any way involved with the theft of items from Vodde's home. "Judgments in small claims actions are 'subject to review as prescribed by relevant Indiana rules and statutes.'" *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067 (Ind. 2006) (quoting Ind. Small Claims Rule 11(A)). Pursuant to Indiana Trial Rule 52(A), we apply the clearly erroneous standard of review to facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. *Id.* "This 'deferential standard of review is particularly important in small claims actions, where trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law."'" *Id.* at 1067-68 (quoting *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (in turn quoting S.C.R. 8(A)).

"A person who has suffered a pecuniary loss as a result of a criminal conversion may bring a civil action to recover the loss, and in such a civil action must prove by a preponderance of the evidence that the defendant committed the criminal act." *Schrenker v. State*, 919 N.E.2d 1188, 1193 (Ind. Ct. App. 2010), *trans. denied*. However, while mens rea must be proven in a criminal case, it need not be in a civil case. *Id.* at 1194.

> Conversion, as a tort, is the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's.

*Id.*

A tort claim cannot be proven solely by inferential speculation. *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1163 (Ind. Ct. App. 1995), *trans. denied*. "Testimony based on conjecture or speculation is insufficient to support a claim." *Id.* Evidence fails as a matter of law to support a claim if an intended inference rests on no more than speculation or conjecture and the intended interference cannot reasonably and logically be drawn from the evidence. *Id.*

Here, Vodde admitted during his testimony that he never saw any of the three boys he was talking to on August 1, 2015, enter his home. He did state that one of the three boys later returned his wallet to him, emptied of cash and credit cards, but he did not identify which boy it was or whether it was K.T. There is

no evidence K.T. ever confessed to being involved with the theft of Vodde's property or that anyone else ever implicated K.T. in the theft.

[10] Vodde suggests that K.T. was arrested for theft and that he "accepted a plea related to his disorderly conduct." Appellee's Br. p. 7. The record before us, as reflected in the certified statement of the evidence, does not indicate that K.T. ever was arrested for theft, as opposed to merely being suspected of and questioned about it by police; there likewise is no evidence that K.T. pled guilty to disorderly conduct in order to avoid prosecution for theft. Additionally, Vodde argues that "no other person" could possibly bear responsibility for the theft and that if Trujillo wants to avoid the judgment, K.T. should name the other two boys he was with at Vodde's house. *Id.* at 8. Vodde cites no authority for the proposition that a civil judgment can or should be used as leverage to force a criminal suspect to talk to authorities, regardless of whether there is evidence to support such a judgment.

[11] It is possible to speculate that K.T. was involved in the theft of items from Vodde's home. But speculation and conjecture alone are not enough to support a judgment. The most the evidence demonstrates is that K.T. was present outside Vodde's home near in time to the theft of the items, while in the company of two unidentified boys, and that a boy later returned Vodde's empty wallet to him but Vodde did not identify who that boy was. As a matter of law, this fails to prove by a preponderance of the evidence that K.T. was involved in the theft of Vodde's property.

# Conclusion

[12] The small claims court's judgment that Trujillo is liable to Vodde for his son K.T.'s purported theft of Vodde's property is clearly erroneous. We reverse the judgment in Vodde's favor.

[13] Reversed.

Vaidik, C.J., and Mathias, J., concur.