**Richard A. ROSI, Appellant (Plaintiff Below),**

v.

**BUSINESS FURNITURE CORPORATION, Appellee (Defendant Below).**

**No. 30S05–9306–CV–671.**

Supreme Court of Indiana.

June 18, 1993.

Frank B. Harshey, Indianapolis, for appellant.

David E. Wright, Robert C. Wolf, David R. Day, Johnson, Smith, Densborn, Wright & Heath, Indianapolis, for appellee.

SHEPARD, Chief Justice.

This case illustrates the operation of our 1991 amendments to Indiana Trial Rule 56. In moving for summary judgment, both parties were obliged to designate the evidentiary matter upon which their legal contentions rested. On the basis of the material so designated, the trial court properly granted summary judgment for the defendant.

*Facts and Procedural History*

Richard A. Rosi was employed by Business Furniture Corporation (BFC) as manager of its carpet and floor covering department until October 1987, when he was terminated after his department was eliminated. Rosi later sued BFC for commissions he claimed were owed him. Count I of Rosi's complaint alleged that BFC committed fraud in misrepresenting the compensation to which he was entitled for certain years of his employment. Count II alleged that BFC violated Ind.Code Ann. § 22–2–5–1 (West 1991) when it refused to pay him compensation for jobs which were completed after his termination. Rosi alleged that he and BFC had entered into a contract whereby he would be paid a 26% commission on the adjusted gross profit of his department's sales. He further alleged that an interoffice document, entitled "Personnel Action Request" (PAR), contained the parties' agreement.

Rosi and BFC each moved for summary judgment. BFC's motion asserted: (1) that no agreement between Rosi and BFC existed which provided for compensating Rosi for 1987 on the basis of jobs which were completed after his termination; (2) that Rosi provided no evidence of fraud to support Count I; and (3) that the PAR was not a contract, and Rosi alleged no other agreement which could provide a basis for his compensation claim.

The trial court granted BFC's motion for summary judgment and denied Rosi's motion. As to Count II of Rosi's complaint, it determined as a matter of law that the PAR was not an enforceable written contract. Rather, the court concluded, the PAR was merely an interoffice document created for the company accounting department. Moreover, the court held, the PAR was too vague and indefinite to apprise parties of all essential terms of employment. Noting that Rosi's complaint, deposition, and contentions based his contract claim exclusively on the PAR, the court concluded that the evidence did not establish a contract right to unpaid compensation.[1] The court also dismissed with prejudice Rosi's fraud claim (Count I) in his first amended complaint, and later dismissed without prejudice a different fraud claim in his second amended complaint. On appeal, Rosi has not challenged the dismissals of Count I.

Rosi moved the trial court to reconsider its ruling. He argued that his action was

---

1. On BFC's first ground for summary judgment, that Rosi is not entitled to compensation for jobs completed after his termination in October 1987, the trial court concluded that resolution of that issue was obviated by its determination the PAR is not a contract.

not limited solely to a written contract theory and that the evidence showed an oral contract between the parties. BFC contended in response that Rosi had not designated any evidence for the court which would show that he was attempting to defeat BFC's motion on the basis of an oral contract. As a result, BFC argued, Trial Rule 56(H) bars Rosi from obtaining reversal of the summary judgment order on oral contract grounds.

The trial court denied Rosi's motion to reconsider. On appeal, the Indiana Court of Appeals reversed the grant of summary judgment. *Rosi v. Business Furniture Corp.* (1992), Ind.App., 601 N.E.2d 408, *reh'g denied.*

### Revisions to T.R. 56

We grant transfer and affirm the decision of the trial court because the evidence Rosi designated in his response to BFC's summary judgment motion neither demonstrated a genuine issue of material fact nor provided any evidence proving a contractual entitlement to compensation. We agree with Judge Hoffman's dissenting opinion, and commend in particular his focus on the "designated evidentiary matter" requirement of Trial Rule 56(C). *Rosi*, 601 N.E.2d at 411 (Hoffman, J., dissenting).

■ Effective January 1991, we modified the summary judgment process through amendments to T.R. 56. No longer can parties rely without specificity on the entire assembled record—depositions, answers to interrogatories, and admissions—to fend off or support motions for summary judgment. It is not within a trial court's duties to search the record to construct a claim or defense for a party. *Babinchak v. Town of Chesterton* (1992), Ind. App., 598 N.E.2d 1099, 1101 ("It is clear from ... amended [T.R. 56] that a court may not search the record when making a decision about [a] motion" for summary judgment.).

■ To promote the expeditious resolution of lawsuits and conserve judicial resources, T.R. 56(C) now requires each party to a summary judgment motion to "*designate* to the court *all parts* of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." [2] In addition, the opposing party must designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." T.R. 56(C). The trial court must enter summary judgment if the "*designated evidentiary matter* shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (emphasis added).

■ Our 1991 amendments also prohibit appellate courts from reversing summary judgment orders on the ground that there is a genuine issue of material fact unless the material facts and relevant evidence were *specifically designated* to the trial court. T.R. 56(H). In applying this new standard of review, Judge Miller has observed that "T.R. 56(H) was specifically added to further impress upon us, as the reviewing court, the need for the parties to strictly comply" with the designated evidentiary matter requirement of amended T.R. 56(C). *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411, 415.

■ On appeal, a trial court's grant of summary judgment is "clothed with a presumption of validity." *Caylor–Nickel Clinic*, 587 N.E.2d at 1312–13. The appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Id.*

---

**2.** T.R. 56(C) (emphasis added). Although we will liberally construe the nonmovant's designated evidence to ensure that he is not improperly denied his day in court, *Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313, a nonmoving party will not survive summary judgment merely by designating entire portions of the record, such as depositions. T.R. 56(C) expressly requires the nonmoving party to identify specifically the parts of pleadings, depositions, answers to interrogatories, and admissions on which he relies.

*Evidence Designated by BFC and Rosi*

■ The portions of the record which Rosi specifically designated to the trial court on BFC's summary judgment motion neither create a genuine issue of material fact nor negate the contention that BFC was entitled to judgment as a matter of law. In his response to BFC's motion for summary judgment, Rosi designated: (1) Rosi's deposition testimony that he believes the PAR entitles him to compensation for anticipated but not yet realized gross profit and his admission that no other written or oral agreement provides for such compensation; (2) the deposition testimony of John Ober, BFC's owner, that Rosi's predecessor was entitled to sales he had booked but not completed before leaving the company, and that Rosi and his predecessor had agreed that Rosi would complete and receive 100% of the commission from those sales; (3) Ober's testimony that Rosi was to continue on his predecessor's compensation scale, as laid out in the PAR; and (4) Rosi's testimony that he considered the PAR to be his employment contract.

"Plaintiff's Contentions," filed at the court's request, include no citations to the record beyond a reference to the PAR, and contain only unsupported assertions as to the existence and content of the agreement between Rosi and BFC. (Record at 849). For example, contentions 4 and 5 state: "4. The Defendant and the Plaintiff agreed that the Plaintiff would be paid a draw of $40,000 per year ... against a commission of 26% of the sales minus cost of sales of the Defendant's Floor Covering Department. 5. That agreement was reduced to writing on Exhibit A to the Plaintiff's Complaint." *Id.*

■ Rosi did not designate any evidence demonstrating or even suggesting the formation of an oral contract regarding his compensation. Rosi's designated evidence showed BFC's plan for computing his compensation, but none of the specified pieces of evidence show the exchange of an offer and acceptance between the parties.[3]

■ Portions of the record designated by BFC and Rosi on BFC's motion show Rosi believed that the PAR was his employment contract. In deposition testimony Rosi stated that the PAR was his employment agreement, and that it was the only agreement of which he was aware. Rosi believed that the PAR entitled him to compensation for anticipated sales which were completed after his termination. (Record at 615).

The designated evidence demonstrates as a matter of law that the PAR is neither a contract nor even an offer to form a contract. A contract is formed by the exchange of an offer and acceptance between the contracting parties. To form a contract, one party must extend an offer, and the other party must communicate acceptance of the offer to the offeror. *Bain v. Board of Trustees* (1990), Ind.App., 550 N.E.2d 106.

The PAR cannot be characterized as an offer from BFC to Rosi because Rosi was not given a copy and had not even seen the PAR at the time of his hiring. Rosi testified he had not seen a copy of the PAR before he filed the lawsuit. With the crucial element of communication missing, Rosi cannot rely on the PAR as a contract for compensation.

BFC apparently did not generate the document as an offer, or for Rosi's use generally, but rather created it for the benefit of its accounting department. The form and content of the PAR make it look like an interoffice communication. It is a standard form containing blanks for the employee or prospective employee's biographical data,

---

**3.** In his brief to the Court of Appeals, Rosi supports his oral contract claim with portions of the record which were not designated to the trial court in his response to BFC's summary judgment motion. (Brief at 14–15) (citing Record at 535, 538–39). Such untimely citations to the record cannot save Rosi's lawsuit, however, because T.R. 56(H) prohibits an appellate court from reversing based on evidence not specifical-

ly designated to the trial court. *See also* 3 William F. Harvey, *Indiana Practice* 56.7, at 53 (Supp.1992) ("On appeal, the parts of the record which are designated to the trial court are the record for appellate review, and the appellate court may not exceed it or look elsewhere in the record of the case to determine whether a material issue of fact is present.").

check-off boxes indicating the nature of the personnel action request (new hire, replacement hire, position change, or salary change), blanks for indicating the reason for a salary change and salary history, and, finally, a section regarding reasons for termination. (Record at 92). The blanks for salary history and reasons for salary on Rosi's PAR were completed with a handwritten explanation of the way Rosi's compensation would be computed.

The trial court correctly determined that the PAR was not an enforceable contract. The court also properly confined its examination to those portions of the record designated by Rosi and BFC in accordance with T.R. 56(C). Because Rosi's specifically designated evidence fails to support an alternative theory for recovery, the court's entry of summary judgment for BFC was correct.

We grant transfer and affirm the judgment of the trial court.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.