Beverly YOUNG; Robert Young; Michael Young; Walter Young; Eric Young; and Michelle Young, Appellants–Plaintiffs,

v.

Robert C. THOMPSON, Jr.; and Rhoda Young, Appellees–Defendants.

No. 49A02–0211–CV–958.

Court of Appeals of Indiana.

Aug. 26, 2003.

Dana Childress–Jones, Tabbert Hahn Earnest & Weddle, Indianapolis, IN, Attorney for Appellants.

---

Joseph M. Dietz, Meils, Thompson, Dietz & Berish, Indianapolis, IN, Attorney for Appellees.

**OPINION**

BAKER, Judge.

Appellants-plaintiffs Beverly, Robert, Michael, Walter, Eric, and Michelle Young (collectively, the Young Children) appeal the trial court's grant of summary judgment in favor of appellees-defendants Robert C. Thompson, Jr. and Rhoda Young. They contend that there is a genuine issue of material fact regarding whether they reasonably relied on defendants' statement that there were five months within which to begin a will contest. They also argue that there is a genuine issue of material fact about whether the defendants' statement proximately caused their injuries. Because the Young Children met with ten attorneys before the window for filing a will contest expired, we hold as a matter of law that they did not reasonably rely on the defendants' statements and affirm the trial court's grant of summary judgment.

*FACTS*

The facts most favorable to the Young Children indicate that Robert D. Young died on July 21, 2001. Thompson, an attorney, was appointed administrator of the estate. Shortly afterward, Walter called his stepmother, Rhoda, Robert D. Young's widow. According to Walter, she told him to call Thompson and that Walter had five months to file a will contest once the will was submitted for probate. Rhoda is not an attorney. Walter called Thompson and Thompson likewise told him he had five months to contest the will. On September 24, 2001, Thompson and Rhoda filed an instrument they purported to be the Last Will and Testament of Robert D. Young. The Young Children met with ten different attorneys before filing their will contest.

Four months later, on January 25, 2002, the Young Children filed a complaint to contest the will. However, because of a prior change in the law, the Young Children had missed the deadline to file a will contest. Effective July 1, 2001, three weeks before Robert D. Young's death, Indiana law reduced the time to file a will contest from five to three months. Act of May 11, 2001, § 14, 2001 Ind. Acts 2007 (currently at Ind.Code Ann. § 29–1–7–17 (West Supp.2002)). Therefore, the Young Children had missed the newly enacted filing deadline by about one month.

The defendants filed a motion to dismiss the Young Children's complaint because of the missed filing deadline, and the motion to dismiss was later converted into a motion for summary judgment. In response to the summary judgment motion, the Young Children argued that the running of the three-month period would not foreclose their will contest because the defendants' fraudulent misrepresentation about the filing deadline caused them to refrain from timely filing the will contest. After a hearing on the motion for summary judgment, the trial court entered summary judgment for the defendants. The Young Children now appeal.

*DISCUSSION AND DECISION*

*I. Standard of Review*

The party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Owens Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 908 (Ind.2001). Summary judgment is appropriate only if the pleadings and evidence sanctioned by the trial court show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The re-

view of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning*, 754 N.E.2d at 909.

## II. The Young Children's Claim

■ The Young Children contend that there were genuine issues of material fact precluding summary judgment on their claim for actual fraud. There are five elements to an action for actual fraud:

(i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon by the complaining party and (v) proximately caused the complaining party injury.

*Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind.1996). The defendants agree that there are genuine issues of material fact regarding the first three elements. However, the defendants argue that the last two elements should be decided as a matter of law against the Young Children. More specifically, the defendants argue that the Young Children did not have the right to rely on their representation and that such representation, as a matter of law, did not proximately cause their injury.

■ We find one issue dispositive: whether the Young Children had the right to rely on the defendants' representations. For a plaintiff "to recover under a fraud theory, it must show that it had a right to rely on the defendants' misrepresentations and that it did in fact rely on the misrepresentations to its detriment." *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 321 (Ind.Ct.App. 1991). "The right of reliance is more difficult to determine for the reason it is tight-

ly bound up with the duty of a representee to be diligent in safeguarding his interests." *Plymale v. Upright*, 419 N.E.2d 756, 762 (Ind.Ct.App.1981). The *Plymale* court went on to note:

The legal obligation that a person exercise the common sense and judgment of which he is possessed is a practical limitation on the actionability of various representations. In the course of daily interaction and business dealing the average person encounters a barrage of opinions, advice, advertisements, estimates, and even "guestimates." He simply cannot believe, or rely upon, everything he is told. "The design of the law is to protect the weak and credulous from the wiles and stratagems of the artful and cunning, as well as those whose vigilance and sagacity enable them to protect themselves." However, it is also settled that where persons stand mentally on equal footing, and in no fiduciary relation, the law will not protect one who fails to exercise common sense and judgment.

*Id.* (quoting *McKee v. State*, 111 Ind. 378, 381, 12 N.E. 510 (1887)).

In the instant case, the Young Children met with *ten* different attorneys within the three-month window they had to file the will contest. Although none of the ten attorneys formally represented the Young Children, the Young Children should have exercised the judgment to ask one of the attorneys how much time they had to file a will contest. Therefore, we hold that as a matter of law they did not have the right to rely on the representations made by Thompson or Rhoda. Thus, the trial court did not err in granting the defendants summary judgment.

The Young Children rely on *Carrell v. Ellingwood* in their contention that the trial court erred in granting the defendants summary judgment. 423 N.E.2d

630 (Ind.Ct.App.1981). In *Carrell*, an attorney for parties who submitted a will to probate told the opposing parties' attorney that the will had been submitted to probate in November. *Id.* at 632. The will had actually been submitted to probate in August. *Id.* At that time the window for filing a will contest was five months, so the parties who sought to challenge the will missed the filing deadline. This court reversed the trial court's grant of summary judgment, holding that there were genuine issues of material fact for each element of fraud. *Id.* at 636. However, *Carrell* is distinguishable from the instant case because the defendants in *Carrell* had exclusive knowledge about when the will had been submitted for probate. Here, on the other hand, the state of the law was not within the exclusive knowledge of the defendants; such information was available to the other ten attorneys with whom the Young Children met.

Because, as a matter of law, the Young Children did not reasonably rely on the defendants' misrepresentations and because the holding in *Carrell* is inapplicable, we affirm the trial court's grant of summary judgment in favor of the defendants.

Judgment affirmed.

BROOK, C.J., and SHARPNACK, J., concur.