SHEREE BEHRENDSEN, Appellant-Plaintiff,
v.
F. JOHN ROGERS and THOMPSON & ROGERS, Appellees-Defendants.
No. 27A02-0603-CV-247
Court of Appeals of Indiana.
December 8, 2006
JON R. PACTOR, Indianapolis, Indiana, ATTORNEYFOR APPELLANT.
MILFORD M. MILLER, JASON A. SCHEELE, Miller Murphy & Miller, LLP, Fort Wayne, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
MAY, Judge.
Sheree Behrendsen appeals summary judgment for F. John Rogers and Thompson & Rogers (collectively, "Rogers") in this legal malpractice action. Because the statute of limitations had not passed when Behrendsen filed her claim, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Behrendsen married Eric Close on September 14, 1991. When the couple began having marital difficulties, Behrendsen hired Rogers to prepare a post-nuptial agreement (Agreement). Behrendsen wanted to protect her real estate and pension in the event the marriage was dissolved. On January 25, 1996, Behrendsen and Close signed the Agreement. On August 17, 1999, Close petitioned to dissolve the marriage. Sometime in the fall of 2001, Close stated he would challenge the validity of the Agreement. On November 28, 2001, Behrendsen asked for a declaratory judgment that the Agreement was valid. On December 27, 2001, the dissolution court determined the Agreement was valid. However, it also determined Section VI of the agreement, which provided any property not listed in Exhibits "A" or "B" would be considered joint property, superceded other sections that purported to release each party's rights in the other's profit-sharing and pension plans. Accordingly, the court determined "the parties' pension and profit sharing plans are joint marital property (to the extent acquired, accrued, or increased during the time of the marriage of the parties)." (Appellant's App. at 77.) The divorce became final on August 20, 2002.[1] No appeal was taken from the trial court's rulings regarding the Agreement.
On December 22, 2003, Behrendsen sued Rogers for malpractice. Rogers moved for summary judgment, arguing Behrendsen filed her complaint after the two-year statute of limitations had run. The trial court granted summary judgment for Rogers, finding Behrendsen knew on some unspecified date in the fall of 2001 that there was a problem with the Agreement because she knew there was a contest involving its terms. Therefore, the court concluded her complaint filed December 22, 2003, was outside of the statute of limitations.

DISCUSSION AND DECISION
The standard of review of the grant or denial of summary judgment is the same as that used by the trial court. Summary judgment should be granted only if the designated evidence demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue of fact must be resolved against the moving party. Monroe Guar. Ins. Co. v. Magwerks Corp., 829 N.E.2d 968, 973 (Ind. 2005). A summary judgment is cloaked with a presumption of validity. Rosi v. Business Furniture Corp., 615 N.E.2d 431, 434 (Ind. 1993). The party appealing a summary judgment has the burden of persuading us the trial court's decision was erroneous. Id. We will affirm the summary judgment on any theory or basis found in the record. Brady v. Allstate Indem. Co., 788 N.E.2d 916, 919 (Ind. Ct. App. 2003).
Indiana Code section 34-11-2-4 provides a two-year statute of limitations in legal malpractice cases. Legal malpractice actions are subject to the "discovery rule"; the "discovery date does not depend upon when a plaintiff knows with certainty that malpractice has occurred; a plaintiff need only know facts that through reasonable diligence would lead to the discovery of the alleged malpractice and resulting injury." Jacobs v. Manhart, 770 N.E.2d 344, 354 (Ind. Ct. App. 2002), reh'g denied, trans. denied 783 N.E.2d 701 (Ind. 2002). When the plaintiff should have discovered the malpractice, and thus when the statute of limitations begins to run, depends on the facts of the individual case. In determining the discovery date, we construe all facts in favor of Behrendsen as the nonmoving party. Garneau v. Bush, 838 N.E.2d 1134, 1141 (Ind. Ct. App. 2005), trans. denied.
The statute of limitations did not bar Behrendsen's claim. Behrendsen contends the earliest date on which the statute of limitations could have begun to run was the date of the dissolution court's declaratory judgment. Rogers urges Behrendsen knew or should have known of the alleged malpractice on some unspecified date in the fall of 2001, when Close informed Behrendsen he would contest the validity of the Agreement. We decline Rogers' invitation to so hold. This rule would encourage people to immediately sue the attorney who drafted a contract any time there is litigation about the contract, even if the litigation were meritless.
Rogers further argues Behrendsen knew of her damages on November 28, 2001, at the latest. That was the date she petitioned for a determination as to the validity of the Agreement. But it is unquestionable that at that point, Behrendsen believed the Agreement was valid and protected her pension. (See Appellant's App. at 43, 44, 91.) We see no reason to require or even encourage a client to sue a drafting attorney before the validity of a document is determined.
In light of the facts before us, we conclude Behrendsen knew on December 27, 2001, the date the dissolution court issued its order regarding the Agreement, she might have a legal malpractice claim against Rogers. She could not have reasonably known before then that such a claim existed. Behrendsen filed her complaint against Rogers on December 22, 2003, which was within the two-year statute of limitations.
Because Behrendsen's claim was not barred by the statute of limitations, we reverse the summary judgment for Rogers and remand for further proceedings.
Reversed and remanded.
SULLIVAN, J., concurs.
BAKER, J., dissents with separate opinion.
BAKER, Judge, dissenting.
I respectfully dissent from the result reached by the majority. Although I join in the majority's analysis regarding the statute of limitations issue, I do not believe that resolving that issue ends our inquiry herein, inasmuch as we will sustain a grant of summary judgment on any basis supported by the record. Brady v. Allstate Indem. Co., 788 N.E.2d 916, 919 (Ind. Ct. App. 2003).
Behrendsen cannot establish that Rogers's actions caused her damages because her damages were actually caused by the dissolution court's incorrect interpretation of the Agreement and her subsequent failure to appeal that decision. To establish attorney malpractice, Behrendsen must show that she employed Rogers, creating a duty, that Rogers breached that duty by failing to exercise ordinary skill and knowledge, and that such negligence was the proximate cause of her damages. Legacy Healthcare, Inc. v. Barnes & Thornburg, 837 N.E.2d 619, 624 (Ind. Ct. App. 2005), trans. denied.
Upon reviewing the provisions of a contract, we will determine the parties' intent from the four corners of the contract. Roy A. Miller & Sons, Inc. v. Indus. Hardwoods Corp., 775 N.E.2d 1168, 1172-73 (Ind. Ct. App. 2002). If the contract language is clear and unambiguous, we will give the language its plain and ordinary meaning. Id. But if the language is ambiguous, then we must determine its meaning by extrinsic evidence. Id. Provisions of a contract are to be construed together and specific terms control over general terms. Ralph E. Korresel Premiere Elec., Inc. v. Forster, 838 N.E.2d 1037, 1046 (Ind. Ct. App. 2005). We must accept an interpretation of the contract that harmonizes its provisions, rather than one that places the provisions in conflict. Whitaker v. Brunner, 814 N.E.2d 288, 294 (Ind. Ct. App. 2004), trans. denied. The construction of the terms of a written contract is a pure question of law, which we review de novo. Peoples Bank & Trust Co. v. Price, 714 N.E.2d 712, 716 (Ind. Ct. App. 1999).
Sections I and II of the Agreement are specific provisions allowing, respectively, Behrendsen to keep her pension and profit-sharing plans separate from the marital pot and Close to keep his pension and profit-sharing plans separate from the marital pot. Appellant's App. p. 50-51. Section VI, on the other hand, is merely a general "catch-all" provision that places marital property not listed in the Exhibits into the marital pot. Appellant's App. p. 52.
The dissolution court's interpretation of the Agreement vitiates the document's specific provisions for the sake of the general. To harmonize the provisions, the Agreement must be understood to keep Behrendsen's pension plan, profit-sharing plan, and real estate as separate property. The dissolution court, therefore, erred in interpreting the Agreement. Behrendsen could have appealed this decision and asked this court to overturn the dissolution court's ruling because of the faulty analysis, but she chose not to. Appellant's App. p. 45. In the end, Behrendsen's damages were caused by the dissolution court's erroneous interpretation of the Agreement, not by Rogers's drafting of the document. Thus, I would find that the trial court did not err in granting summary judgment in favor of Rogers.
NOTES
[1] The dissolution decree is not included in the record on appeal.