

**ATTORNEYS FOR APPELLANT**

Sean M. Clapp
Ian T. Keeler
Clapp Ferrucci
Fishers, Indiana

**ATTORNEYS FOR APPELLEES**

Drew Miroff
Brian J. Paul
Christina L. Fugate
Ice Miller LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Curt Pearman d/b/a Greenwood
Professional Park,

*Appellant-Plaintiff,*

v.

T. Ryan Jackson and Kristin M.
Jackson,

*Appellees-Defendants.*

January 26, 2015

Court of Appeals Cause No.
41A04-1408-CC-381

Appeal from the Johnson Superior
Court.
The Honorable Kevin M. Barton,
Judge.
Cause No. 41D01-1111-CC 1246

**Sharpnack, Senior Judge**

## Statement of the Case

Curt Pearman, who as a landlord does business as Greenwood Professional Park, appeals from the trial court's order granting partial summary judgment in favor of former tenants, T. Ryan Jackson and Kristin Jackson (the Jacksons), in

his action against them alleging breach of a lease agreement by abandoning the leased premises before the expiration of a new lease term. Pearman contends that the trial court erred by concluding that the lease requirement for written notice of renewal was not waived and that the Jacksons had not exercised the option to renew the lease for an additional term of three years by the payment of rent for a few months after the most recent lease term had expired. We affirm.

## Issue

We combine and restate the issues Pearman presents for our review as follows:

Whether the trial court correctly determined that, standing alone, holding over and paying rent did not constitute the exercise of the option to renew the lease, and that the lease requirement of a written notice of renewal was not waived.

## Facts and Procedural History

Pearman and the Jacksons entered into a lease agreement for premises located in Greenwood Professional Park on December 20, 2007, including the following terms which are pertinent to the disposition of this appeal:

> **2.    Term.**
>
> A.    The term of this Lease shall be for a period of Three (3) years and zero (0) months commencing on the first day of January, 2008, and ending on the last day of December, 2011.

. . . .

## 12.    Abandonment.

If Lessee shall abandon or vacate said Premises before the end of the term, or any other event shall happen entitling Lessor to take possession thereof, Lessor may take possession of said Premises and re-let the same, without such action being deemed an acceptance of a surrender of this lease or in any way terminating the Lessee's liability hereunder, and the Lessee shall remain liable to pay the rent herein reserved, less the net amount realized from such re-letting, after deduction of any expenses incidental to such repossession and re-letting.

. . . .

## 14.    Holding Over.

If Lessee shall occupy the Premises without or with Lessor's consent after the expiration of the term of this lease and rent is accepted from Lessee such occupancy and payment shall be construed as an extension of this lease for the term of one month only from the date of such expiration and occupancy thereafter shall operate to extend this lease for but one month at a time unless other terms of such extensions are endorsed hereon in writing and signed by the Parties hereto. If either Lessor or Lessee desire to terminate said occupancy at the end of any month after the termination of this lease the Party desiring to terminate shall give the other Part at [least] thirty (30) days written notice to that effect. However, the Lessor shall not be required to give any such notice if Lessee has failed to pay the rent in advance when due. Failure to give such notice [on] the part of Lessee shall obligate it to pay rent for an additional calendar month following the month in which the Lessee vacates the Premises.

. . . .

**25.  Option of Lessee to Renew.**

Lessor hereby grants to Lessee an option to renew this Lease, upon the same Terms and conditions as herein above provided, except as to Rental which shall be adjusted as provided in Section 3b, for Three (3) successive terms of three (3) years each. Lessee may exercise these options by giving written notice thereof to Lessor at least six (6) months prior to the expiration of the then current term.

Appellant's App. at 38-44.

The Jacksons are periodontists who leased the premises as a location for their practice. Near the end of the initial lease term, the Jacksons considered renewing the lease for an additional term of three years, but decided against that option. Instead, they searched for other locations for their practice, and paid rent on a monthly basis to Pearman, who accepted the Jacksons' rent payments, after the original lease term expired. In February 2011, at Pearman's request, the parties executed an addendum to the lease agreement specifying that the initial lease term was to end on the last day of December 2010. The addendum corrects the scrivener's error and reflects the parties' intention that the initial term of the lease would be for three years and not four years, as the scrivener's error implied. Appellant's App. pp. 128, 131. On March 16, 2011, the Jacksons sent a written notice via certified mail to Pearman expressing that they no longer wished to continue holding over on a monthly basis and that they wanted to terminate holding over as of May 31, 2011.

[7]     Pearman filed his complaint against the Jacksons on November 28, 2011, claiming that they had breached the lease by prematurely abandoning the premises. More specifically, he claimed that by remaining in the premises after the expiration of the first lease term of three years the Jacksons entered into another lease term of three years and were bound to pay rent for the entirety of that second term. Pearman also claimed that the Jacksons had been submitting rent payments to another corporation and that Pearman had not received some rent payments.

[8]     The Jacksons filed their answer to Pearman's complaint, denying Pearman's claims against them, asserting affirmative defenses against him, and asserting a counterclaim. On March 23, 2012, the Jacksons filed a motion for partial judgment on the pleadings under Indiana Trial Rule 12(C) on the sole issue of liability. On April 16, 2012, the trial court entered an order directing Pearman to file, as a supplement to his complaint under Indiana Trial Rule 9.2 and within twenty days of the order, the written notice upon which Pearman based his allegation that the Jacksons exercised their option to renew the lease.

[9]     Pearman did not do so, but, instead, filed a response to the Jacksons' motion and his own motion for summary judgment on the issue of liability on April 18, 2012. In his motion for summary judgment Pearman argued that he had waived the written notice requirement and that by holding over the Jacksons had agreed to a renewal of the lease for three years. The trial court denied both motions for summary judgment by order on May 16, 2012, finding that a

judgment could not be made on the pleadings because a genuine issue of material fact existed regarding waiver of the written notice requirement.

[10] On November 12, 2013, after some discovery was conducted, the Jacksons filed their motion for partial summary judgment on the issue of liability. Among the designated materials, were excerpts of Pearman's deposition in which he admitted that the Jacksons had never tendered a written or other kind of notice exercising the renewal option under the lease. Pearman filed his reponse to the Jacksons' motion designating, but without submitting, the following: (1) the lease; (2) the Jacksons' admission, contained in their answer and motion for partial judgment on the pleadings, that they entered into the lease; and (3) Pearman's deposition in its entirety, without the designation of specific excerpts of the deposition.

[11] On December 27, 2013, the trial court entered its order granting the Jacksons' motion for partial summary judgment, concluding that the Jacksons did not breach the lease agreement. The trial court concluded that Pearman had attempted to support his claim of waiver of the written notice requirement by evidence of payment of rent by the Jacksons after the initial lease period had ended, which was insufficient as a matter of law to support his claim.

[12] On January 24, 2014, Pearman filed a motion to correct error from the trial court's order granting partial summary judgment. In that motion, Pearman argued that he had designated his entire deposition in response to the Jacksons' motion for partial summary judgment, and specifically set forth excerpts of the

deposition, with page and line numbers, which he contended supported his claim that he had waived the requirement of written notice of renewal of the lease.

[13] On January 27, 2014, the trial court entered an order acknowledging that Pearman had filed a motion to correct error, a motion appropriate following the entry of a final judgment pursuant to Indiana Trial Rule 59(C). The trial court further noted that Pearman's motion addressed the trial court's December 27, 2013 order, which was interlocutory as it was not entered as a final order under Indiana Trial Rule 54(B). The trial court, therefore, agreed to consider Pearman's motion as a motion to reconsider its prior decision, and per local rules, allowed the Jacksons the opportunity to respond to the motion by February 3, 2014.

[14] On February 3, 2014, the Jacksons filed their response to Pearman's motion, contending that the trial court's prior order should not be reversed and arguing that Pearman's designation of his entire deposition did not comply with the specificity required under Indiana Trial Rule 56(C). The trial court entered an order on February 18, 2014 denying Pearman's motion concluding that by designating the entire deposition, the designation was not proper for purposes of summary judgment, and otherwise upheld its prior decision granting partial summary judgment in favor of the Jacksons.

[15] Later, the parties filed a stipulation of dismissal of the Jacksons' counterclaim with prejudice. In an order dated April 28, 2014, the trial court set the

remaining claims for trial. On July 5, 2014, Pearman filed a second motion to reconsider the trial court's order granting partial summary judgment to the Jacksons on the issue of liability. In this motion, Pearman designated additional evidence in support of his claim that he had waived the written notice requirement for renewal of the lease. Pearman designated specific portions of his deposition testimony, his affirmation dated July 5, 2014, and a letter dated February 11, 2011 he had sent to the Jacksons reflecting an increase in the amount of rent for 2011. Pearman's motion was deemed denied by operation of Indiana Trial Rule 53.4(B).

[16] After notifying the trial court that a trial on the remaining issues would not be necessary, on July 17, 2014, the parties filed an Agreed Stipulation of Dismissal of Claims ("Agreed Stipulation"). By the terms of the Agreed Stipulation, all claims, except the issues concerning liability that were addressed in the trial court's December 27, 2013 order, were subject to dismissal upon acceptance of the Agreed Stipulation.

[17] In an order issued on August 15, 2014, the trial court accepted the Agreed Stipulation. In that same order, the trial court acknowledged that Pearman's motion, which was deemed denied, asked the trial court to do more than reconsider its prior ruling, because additional evidence had been submitted with the motion. The trial court declined to consider the additional evidence as it had not been properly and timely before the trial court at the time the first order was entered. Further, the trial court declined to reconsider its order granting partial summary judgment and directed the entry of its order granting partial

summary judgment in favor of the Jacksons as a final order under Indiana Trial Rule 54. Pearman now appeals.

# Discussion and Decision

[18] Pearman challenges the trial court's ruling on a motion for summary judgment. Our Supreme Court has recently set forth our standard of review as follows:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences."

> The initial burden is on the summary-judgment movant to "demonstrate[ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court."

> . . . .

> Even though Indiana Trial Rule 56 is nearly identical to Federal Rule of Civil Procedure 56, we have long recognized that "Indiana's summary judgment procedure . . . diverges from federal summary judgment practice." In particular, while federal practice permits the

moving party to merely show that the party carrying the burden of proof lacks evidence on a necessary element, we impose a more onerous burden: to affirmatively "negate an opponent's claim." Our choice to heighten the summary judgment burden has been criticized because it may let summary judgment be precluded by as little as a non-movant's "mere designation of a self-serving affidavit."

That observation is accurate, but using it as the basis for criticism overlooks the policy behind that heightened standard. Summary judgment "is a desirable tool to allow the trial court to dispose of cases where only legal issues exist." But it is also a "blunt . . . instrument," by which "the non-prevailing party is prevented from having his day in court[ ]". We have therefore cautioned that summary judgment "is not a summary trial,"; and the Court of Appeals has often rightly observed that it "is not appropriate merely because the non-movant appears unlikely to prevail at trial." In essence, Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims.

*Hughley v. State* 15 N.E.3d 1000, 1003-04 (Ind. 2014) (citations omitted).

[19] "On appeal, a trial court's grant of summary judgment is 'clothed with a presumption of validity.'" *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993). Thus, Pearman bears the burden of convincing us that the trial court erred in its determination that there were no genuine issues of material fact and that the Jacksons were entitled to judgment as a matter of law on the issue of liability. *See id.* Pearman contends that the trial court erred by concluding that the lease requirement of a written notice of renewal had not been waived, and that by holding over and paying rent, the Jacksons had not exercised their option to renew the lease. Resolution of this appeal requires an

examination of the designated materials that were properly before the trial court.

[20]  Indiana Trial Rule 56(C) governs the designation of materials to the trial court in the summary judgment process. The Supreme Court stated as follows:

> Effective January 1991, we modified the summary judgment process through amendments to T.R. 56. No longer can parties rely without specificity on the entire assembled record-depositions, answers to interrogatories, and admissions-to fend off or support motions for summary judgment. It is not within a trial court's duties to search the record to construct a claim or defense for a party. *Babinchak v. Town of Chesterton* (1992), Ind. App., 598 N.E.2d 1099, 1101 ("It is clear from . . . amended [T.R. 56] that a court may not search the record when making a decision about [a] motion" for summary judgment.).
>
> To promote the expeditious resolution of lawsuits and conserve judicial resources, T.R. 56(C) now requires each party to a summary judgment motion to "designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." In addition, the opposing party must designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." T.R. 56(C). The trial court must enter summary judgment if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (emphasis added).

*Rosi*, 615 N.E.2d at 434. (footnote omitted). In that footnote, the Supreme Court, in *Rosi*, stated

> Although we will liberally construe the nonmovant's designated evidence to ensure that he is not improperly denied his day in court, *Department of Revenue v. Caylor-Nickel Clinic* (1992), Ind., 587 N.E.2d

1311, 1313, a nonmoving party will not survive summary judgment merely by designating entire portions of the record, such as depositions. T.R. 56(C) expressly requires the nonmoving party to identify specifically the parts of pleadings, depositions, answers to interrogatories, and admissions on which he relies.

*Id.* at 434 n.2.

[21]    In *Filip v. Block*, 879 N.E.2d 1076 (Ind. 2008), our Supreme Court revisited the topic of the designation of evidence in the summary judgment context. In particular, the Supreme Court stated as follows:

> Trial Rule 56(C) does not mandate either the form of designation, i.e., the degree of specificity required, or its placement, i.e., the filing in which the designation is to be made. Trial Rule 56(C) does compel parties to identify the "parts" of any document upon which they rely. The Rule thus requires sufficient specificity to identify the relevant portions of a document, and so, for example, the designation of an entire deposition is inadequate. *AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc.*, 816 N.E.2d 40, 45 (Ind. Ct. App. 2004). Although page numbers are usually sufficient, a more detailed specification, such as supplying line numbers, is preferred. Adding verbatim quotations of the selected items gives the trial court a more convenient reference, but is not required and may be excessive if large quantities of text are designated.
>
> Parties may choose the placement of evidence designation. *Id.* at 46; *Am. Osteopathic Ass'n*, 645 N.E.2d at 615. Designation may be placed in a motion for summary judgment, a memorandum supporting or opposing the motion, a separate filing identifying itself as the designation of evidence, or an appendix to the motion or memorandum. The only requirement as to placement is that the designation clearly identify listed materials as designated evidence in support of or opposition to the motion for summary judgment. If the designation is not in the motion itself, it must be in a paper filed with

> the motion, and the motion should recite where the designation of evidence is to be found in the accompanying papers.

879 N.E.2d at 1081.

[22] The Jacksons designated the following exhibits and attached them to their November 12, 2013 motion for partial summary judgment: 1) Pearman's complaint; 2) Pearman's July 16, 2013 deposition, denoting particular lines of particular pages, with only those pages attached; 3) Kristin Jackson's affidavit; 4) a February 18, 2011, letter from Pearman addressing the addendum to the lease; and 5) the Jacksons' letter notifying Pearman of the termination of their holdover period. In response to the Jacksons' motion, Pearman designated, but did not attach, the following documents: 1) the Lease that "was attached to the Complaint in this matter"; 2) the Jacksons' admissions that they entered into the lease "in their Answer and in their Motion for Partial Judgment on the Pleadings"; and 3) the "Deposition of Plaintiff Curt Pearman." Appellant's App. at 142-43. Thus, because the portions of the deposition Pearman later contended and now contends on appeal support his claim were not before the trial court, they could not be considered by the trial court in ruling on the Jacksons' motion.

[23] Indiana Trial Rule 56(H) controls our review of a trial court's ruling on a motion for summary judgment by providing that "[n]o judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court." "The Rule thus requires

sufficient specificity to identify the relevant portions of a document, and so, for example, the designation of an entire deposition is inadequate." *Filip*, 879 N.E.2d at 1081 (citing *AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc.*, 816 N.E.2d 40, 45 (Ind. Ct. App. 2004)). Therefore, to the extent Pearman argues that there is deposition testimony to support his claim of waiver, that evidence was not specifically designated to the trial court in a timely manner, and we cannot find reversible error based on that evidence.

[24] Having determined what was properly before the trial court and agreeing that the trial court could not consider more specific designations and additional evidence tendered after the trial court's order, we turn to the merits of this appeal. The designated evidence established that the lease required written notice of the option to renew the lease for an additional term of three years, six months prior to the expiration of the current term. No such written notice was submitted to the trial court. Kristin Jackson's affidavit stated that 1) the Jacksons decided against exercising their option to renew the lease and did not do so, and 2) the Jacksons continued to occupy the premises and paid rent each month under the lease's holdover provision.

[25] Pearman argues that he unilaterally waived the written notice requirement. The trial court disagreed, relying in part on *Carsten v. Eickhoff*, 323 N.E.2d 664 (Ind. Ct. App. 1975). Pearman relies on the Jacksons' continued payment of rent to establish that the lease term was in fact renewed. In *Carsten*, the issue involved whether an option in the lease could be construed as containing an option to extend or an option to renew and how to interpret the lessee's acts of

holding over and paying rent under both scenarios. In that case, we discussed case law establishing that when a lessee has a privilege or option to extend, holding over and paying rent is sufficient to exercise that privilege. *Id.* at 667. On the other hand, case law had established that when a lessee has an option to renew, holding over and paying rent is not sufficient to exercise the option to renew. *Id.* We reasoned that the distinction existed "as an aid to the courts in determining the intention of the parties regarding the effect of holding over when there was some right in the lessee to a further term but no express contract provision regarding the effect of holding over." *Id.* at 667-68. In that case, there was no need to make the distinction—option to extend or option to renew—because the lease contained a notice requirement to exercise the option. The evidence cited to support a claim of waiver of the notice requirement or the right to equitable relief for late notice was in conflict and insufficient to support the waiver claim. We affirmed the decision of the trial court denying equitable relief and finding that there was no waiver of the notice requirement. 323 N.E.2d at 669.

[26] In *Powers v. City of Lafayette*, 622 N.E.2d 1311 (Ind. Ct. App. 1993), *trans. denied*, we again addressed the issue of the effect of holding over and payment of rent after the initial lease term had expired. We reviewed the trial court's holding as a matter of law, which applied the holding in *Carsten*, that merely holding over and paying rent after the original lease term had expired and without providing notice of the exercise of the option to renew was not, standing alone, evidence of waiver by the lessor. We held that the trial court erred by instructing the jury

that the option to renew had not been exercised because it was not correct if there was substantive evidence of waiver and acceptance by the lessor. 622 N.E.2d at 1315. We remanded the matter for a new trial because in *Powers*, unlike in *Carsten*, there was evidence from which the trier of fact could conclude waiver of the required notice had been established, as notice had been given late, but prior to the expiration of the lease. 622 N.E.2d at 1315.

[27] In the present case, the lease contained a provision for the option to renew, including a written notice requirement, and a provision for holding over after the lease term ended, including the written notice of termination requirement and providing that the lease periods during the holding over were monthly. The requirement for written notice to affect a renewal was precisely to differentiate between a renewal and a holdover from month to month for the benefit of both the lessor and lessee. Therefore, the Jacksons' payment of rent and continued occupation of the leased premises standing alone was insufficient under both case law and the explicit terms of the lease agreement to establish that they had exercised their option to renew the lease for an additional term of three years. Furthermore, there was no properly designated evidence before the trial court to establish that there had been a waiver of the written notice requirement to renew the lease for an additional term of three years.

[28] Consequently, in the absence of substantive evidence to support a claim of waiver, the trial court's decision was based on established case law regarding contract interpretation, which the Supreme Court has stated as follows:

> Indiana courts recognize the freedom of parties to enter into contracts and, indeed, presume that contracts represent the freely bargained agreement of the parties. Thus, when the terms of a contract are drafted in clear and unambiguous language, we will apply the plain and ordinary meaning of that language and enforce the contract according to those terms. This approach best effectuates the primary goal in appellate review of contract cases: to ascertain and give effect to the mutual intention of the parties. This also makes contract cases particularly suited for summary judgment.

*Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012) (internal citations and quotations omitted). The clear and unambiguous terms of the lease agreement support the trial court's conclusion.

# Conclusion

In light of the above, we affirm the trial court's decision.

Affirmed.

May, J., and Pyle, J., concur.