*552 BROWN, Judge,
concurring in part and dissenting in part.
[42] I concur with the majority as to its conclusions in Sections 1, 2.1, and 2.2, but respectfully dissent from its conclusion that the Appellees are not entitled to summary judgment on Bah’s remaining claims based on the qualified privilege defense.
[43] If Circle K and Ruffin have demonstrated the absence of any genuine issue of fact as to a determinative issue, they are entitled to summary judgment unless Bah comes forward with contrary evidence showing a triable issue for the trier of fact. See Williams v. Tharp, 914 N.E.2d 756, 761-762 (Ind.2009). “[T]he trial court’s judgment arrives on appeal ‘clothed with a presumption of validity,’ and the challenging party ‘bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law.’ ” Id. at 762 (quoting Rosi v. Bus. Furniture Corp., 615 N.E.2d 431, 434 (Ind.1993)).
[44] The designated evidence included Ruffin’s affidavit in which he asserted:
It is Circle K’s practice when discovering suspected theft of this level from its stores to report the suspected theft to the police. Consistent with that practice and after consulting my supervision [sic], I contacted the Indianapolis Metropolitan Police Department (“IMPD”) and provided truthful information regarding the events and what I had found in the course of my investigation to that point. After that initial report, I was contacted by IMPD and the prosecutor and asked for additional information. In response, I cooperated with the IMPD and prosecutor’s office and answered their questions and requests for information with entirely truthful information to the best of my knowledge. I did not take any action involving Ms. Bah with an intent to harm her or with motivations of ill will, and I have never shared false information about Ms. Bah with anyone to my knowledge.
Appellee’s Appendix at 6.
[45] Bah cites to her affidavit and asserts that Ruffin informed other Circle K employees about the “lie.” Appellant’s Brief at 14. However, the Appellees specifically requested that the trial court strike the statement that Ruffin spread the false allegations to others, and the trial court granted the Appellees motion. (Appel-lee’s Appendix at 30). Bah does not point to any designated evidence which had not been stricken to demonstrate what statements she asserts were improperly made by Ruffin to the police. Therefore, based upon the designated evidence, I would conclude that the qualified privilege applies and would affirm on all issues. See Williams, 914 N.E.2d at 769 (finding that whether the defendant’s misperception was speculative, negligent, or even reckless, it was not so obviously mistaken to permit a reasonable inference that he lied, and holding that the trial court did not err in finding a qualified privilege was established as a matter of law and thereby precluding the plaintiffs’ claim for defamation); Kelley v. Tanoos, 865 N.E.2d 593, 602 (Ind.2007) (holding that summary judgment in favor of the defendant was appropriate because the plaintiff failed to designate evidence that demonstrates that the defendant abused the qualified privilege).
[46] For the foregoing reasons, I respectfully dissent in part and would affirm the trial court in all respects.