## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 24 2015, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

L. Matthew Nixon
Fair, Nixon & Nixon
Princeton, Indiana

ATTORNEYS FOR APPELLEE

Anthony M. Eleftheri
Wandini B. Riggins
Lewis Wagner, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Bradley Nixon,

*Appellant-Plaintiff,*

v.

JNJ Foods, LLC
d/b/a McDonald's,

*Appellee-Defendant.*

July 24, 2015

Court of Appeals Case No.
82A01-1411-CT-505

Appeal from the Vanderburgh
Superior Court.
The Honorable Mary Margaret
Lloyd, Judge.
Cause No. 82D03-1309-CT-03990

**Baker, Judge.**

[1] Charles Bradley Nixon appeals the trial court's grant of summary judgment in favor of JNJ Foods, LLC d/b/a McDonald's (JNJ) on Nixon's complaint for damages for injuries suffered after biting into food that allegedly contained a foreign object. Finding that there are genuine issues of material fact rendering summary judgment improper, we reverse and remand for further proceedings.

## Facts

[2] On March 12, 2012, during the early morning hours, Nixon, while working the third shift for the Gibson County Sheriff's Department, purchased two sausage and cheese breakfast sandwiches from a McDonald's located in Evansville. Nixon took a bite of one of the breakfast sandwiches and his tooth struck something hard, causing the tooth to crack. Nixon was in so much pain from the cracked tooth that he could not finish his shift. In a message to dispatch, Nixon stated: "I just broke my F---ing tooth on a sausage muffin..[Bite] all jacked up I'm going home...Painful." Appellant's App. p. 81 (capitalizations and punctuation original). Later that morning, Nixon saw his dentist, who confirmed Nixon had cracked a tooth and advised that the tooth needed to be extracted. As a result of losing the tooth, Nixon had to undergo a bone graft to prepare the socket for a tooth implant.

[3] Nixon filed his complaint for damages against JNJ on September 9, 2013, and JNJ timely responded. On November 1, 2013, the trial court ordered the

parties to mediation.[1]  On July 1, 2014, JNJ filed its motion for summary judgment, brief in support thereof, and designated materials, which included Nixon's deposition.  The basis for JNJ's motion for summary judgment was Nixon could not designate any specific factual evidence that would establish the causation element of his negligence claim.  Nixon filed his response to JNJ's motion for summary judgment and his designated evidence on July 29, 2014.  The trial court held a telephonic hearing on JNJ's motion for summary judgment on October 15, 2014.  On October 22, 2014, the trial court summarily granted summary judgment in favor of JNJ.  Nixon now appeals.

## Discussion and Decision

[4]     Nixon argues the trial court erred in granting summary judgment in favor of JNJ.  Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)).  "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences."  *Id.* (internal citations omitted).
>
> The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a

---

[1] It is unclear whether the parties ever submitted to mediation.

determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761–62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.,* 916 N.E.2d 906, 909–10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). "Summary judgment is rarely appropriate in negligence cases because they are particularly fact-sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence." *Kramer v. Catholic Charities of Diocese of Fort Wayne-S. Bend, Inc.*, --- N.E.3d ---, No. 71S03-1506-CT-350 (Ind. June 3, 2015).

Our Supreme Court has very recently cautioned that "[a]s long as competent evidence has been designated in response to a summary judgment motion, . . . 'weighing [the evidence]—no matter how decisively the scales may seem to tip—[is] a matter for trial, not summary judgment.'" *Stafford v. Szymanowski*, --- N.E.3d ---, No. 89S01-1502-CT-64, at *4 (Ind. June 2, 2015) (quoting *Hughley v. State*, 15 N.E.3d 1000, 1005-06 (Ind. 2014)). In other words, if *any* weighing of evidence—of the facts—is required, then summary judgment is inappropriate.

In this case, Nixon provided the following deposition testimony:

> Q:   How do you know you bit down on something hard?
> A:   Because it broke my tooth in half.
> Q:   So you were assuming there was something in your sandwich because it broke your tooth?

A:    Yes, I'm not assuming. There was something in my sandwich that broke my tooth in half. There is no assumption to that.

Q:    How do you know there was something that shouldn't have been in your sandwich?

A:    Because I bit down on something hard. If you're eating mashed potatoes and bite down on a rock, you know there is a rock in your mashed potatoes. You know there is something hard in something that is supposed to be soft.

Q:    Okay. So your testimony is you were in the process of chewing and you bit down and you felt pain in your tooth?

A:    I bit down on something hard that caused pain in my tooth.

Q:    And is it your testimony you recall feeling something in the sandwich?

A:    I bit down on something hard that was not supposed to be in the sandwich that broke my tooth.

*** 

Q:    Do you have any proof, sir, that there was a foreign object in the sandwich?

A:    Yes.

Q:    What proof?

A:    It broke my tooth.

Q:    So you're assuming that there had to be a foreign object because your tooth broke?

A:    I'm not assuming. A sausage McMuffin, normal, average sausage McMuffin does not have hard objects in it that is capable of breaking a person's tooth.

*** 

Q:    Sir, I understand your testimony that you bit down on something that you believe was a hard, foreign object.

A:    I know it was, because it broke my tooth.

[8] Appellant's App. p. 69.

[9] It is well accepted that "[u]nder Indiana summary judgment procedure, a nonmovant is not required to come forward with contrary evidence until the party seeking summary judgment demonstrates the absence of a genuine issue of material fact." *Kennedy v. Murphy*, 659 N.E.2d 506, 508 (Ind. 1995). In other words, "[m]erely alleging that the plaintiff has failed to produce evidence on each element [of a cause of action] is insufficient to entitle the defendant to summary judgment under Indiana law." *Deuitch v. Fleming*, 746 N.E.2d 993 (Ind. Ct. App. 2001).

[10] Here, JNJ argues that because Nixon is unable to produce the hard object itself, there is no designated evidence creating a genuine issue of material fact. *Kennedy* and *Deuitch*, among myriad other cases, establish that this argument is insufficient to entitle JNJ to summary judgment. Instead, JNJ must prove the absence of a genuine issue of material fact with respect to each element of Nixon's negligence claim, which it has failed to do.

[11] In any event, we disagree with JNJ's contention that Nixon's evidence is insufficient. As JNJ's brief itself argues, "the designated materials support a finding that an alternative cause is *more likely*." Appellee's Br. p. 9 (emphasis added). Whether one cause is "more likely" than another is quite clearly a question of fact that must be answered by a factfinder. Nixon's testimony, alone, is sufficient evidence of his negligence claim to create a material issue of fact rendering summary judgment inappropriate. Whether his testimony alone is sufficient to *prove* his claim is a question that must be answered by a factfinder, but it is, at the least, enough to survive on summary judgment.

In this case, there are multiple issues of material fact that must be determined by a factfinder. It was improper to enter summary judgment in favor of JNJ as a matter of law.

The judgment of the trial court is reversed and remanded for further proceedings.

Najam, J., concurs, and Friedlander, J., dissents with opinion.

| | |
|---|---|
| Charles Bradley Nixon, | Court of Appeals Case No. 82A01-1411-CT-505 |
| *Appellant-Plaintiff,* | |
| v. | |
| JNJ Foods, LLC d/b/a McDonald's, | |
| *Appellee-Defendant.* | |

**Friedlander, Judge, dissenting.**

[14] I believe the trial court correctly granted summary judgment in favor of JNJ, and therefore respectfully dissent.

[15] Nixon's action alleges negligence on JNJ's part. The three elements of negligence are a duty owed to the plaintiff by the defendant, a breach of that duty by the defendant, and injury to the plaintiff proximately caused by that breach. *Kincade v. MAC Corp.*, 773 N.E.2d 909 (Ind. Ct. App. 2002). "Negligence will not be inferred; rather, all of the elements of a negligence action must be supported by specific facts designated to the trial court or

reasonable inferences that might be drawn from those facts." *Id.* at 911. An inference resting on no more than speculation or conjecture is not a reasonable inference. *Kincade v. MAC Corp.*, 773 N.E.2d 909. Negligence will not be inferred from the mere fact of an accident, absent special circumstances. *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456 (Ind. Ct. App. 2000).

[16] Nixon repeatedly confirmed in his deposition testimony that he cannot confirm, much less identify existence of a foreign object, as he did not see, examine, or preserve one, e.g.:

> Q: Did you see [the alleged foreign object], sir?
> A: No.[2]
> Q: Has anyone seen it?
> A: No.
> Q: Did you make any efforts to preserve what it was?
> A: No.

*Appellant's Appendix* at 42. In fact, Nixon admitted that the only proof that a foreign object existed was the injury itself:

> Q: Do you have any proof, sir, that there was a foreign object in the sandwich?
> A: Yes.
> Q: What proof?
> A: It broke my tooth.

---

[2] Nixon explained that the reason he did not make an effort to preserve the alleged foreign object was because at the time, he "didn't know how much damage there was." *Appellant's Appendix* at 42. Nixon also conceded that "sometimes teeth break for other reasons unrelated to being a foreign object in food," and yet, he maintains that his broken tooth could only have resulted from a foreign object in his breakfast sandwich. *Id.*

*Id*. at 42. Here, there is no question of fact. Nixon admits that he has no physical proof that a foreign object was present in his breakfast sandwich. To be sure, the only "proof" Nixon has that any such foreign object ever existed in his food is that "[i]t broke [his] tooth." *Id*. This "proof" entirely begs the question. Thus, Nixon's self-serving claim that his broken tooth could only have resulted from a foreign object in his sandwich is based entirely upon speculation and conjecture.

[17] This court has routinely upheld the grant of summary judgment in favor of defendants where the plaintiff is unable to identify the cause of the alleged injury without resorting to speculation. In *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, the plaintiff fell outside of the restaurant on a snowy day. The plaintiff's only support for his claim was that his feet simply went out from underneath him. This court affirmed the grant of summary judgment in favor of the defendant, finding that the plaintiff would not prove negligence because he was unable to identify the cause of his fall and only speculated based upon the surrounding circumstances.

[18] This court reached a similar result in *Midwest Commerce v. Livings*, 608 N.E.2d 1010 (Ind. Ct. App. 1993), wherein the plaintiff filed a complaint against her bank after she fell while standing in line on the bank's premises. Because the plaintiff could not identify what caused her to fall, this court concluded that she failed to meet her burden to establish causation.

[19] Granted, this is not a slip-and-fall scenario like those presented in *Hayden* and *Midwest Commerce*, but it is similar with respect to the nature of the claim. Indeed, I agree with JNJ that Nixon's claim is based solely on his speculation that there was a foreign object in his breakfast sandwich. As noted above, pure speculation cannot support the causation component of a negligence claim.

[20] The majority asserts that it was incumbent upon JNJ, as the movant, to prove that Nixon's breakfast sandwich did not contain a foreign object. *See slip op.* at 6 ("[m]erely alleging that the plaintiff has failed to produce evidence on each element [of a cause of action] is insufficient to entitle the defendant to summary judgment under Indiana law"). The majority would therefore require JNJ to meet the impossible burden of proving a negative. *See Jackson v. Warrum*, 535 N.E.2d 1207, 1218 (Ind. Ct. App. 1989) (describing as "impossible" the "burden of proving a negative fact"). The law should not impose such an impossible burden upon JNJ. *See Town of Montezuma v. Downs*, 685 N.E.2d 108, 116 n. 9 (Ind. Ct. App. 1997) ("[t]o require the Downs to affirmatively prove that the pipeline was not inspected would require them to prove a negative, something which we refuse to do"). Indeed, it has long been the case that "where a negative is essential to the existence of a right the party claiming the right has the burden of proving such negative." *Boulden v. McIntire*, 119 Ind. 574, 21 N.E. 445, 448 (1889). Aside from Nixon's speculation, he admittedly has no evidence from which he could meet this burden if this case were presented to a fact-finder. As noted above, Nixon's speculation cannot serve as the basis for a finding of causation.

Keeping in mind that the purpose of T.R. 56 is to "promote the expeditious resolution of lawsuits and conserve judicial resources,"[3] I believe summary judgment is warranted if the movant either disproves an element of the non-movant's claim or demonstrates that the non-moving party cannot carry its burden of proof at trial. JNJ demonstrated the latter. In such case, I see no reason to go to trial or prolong these proceedings as I believe Nixon's claim is destined to fail. Accordingly, I respectfully dissent from the majority's conclusion, and I would affirm the order of the trial court granting summary judgment in favor of JNJ.

---

[3] *Pearman v. Jackson*, 25 N.E.3d 772 (Ind. Ct. App. 2015) (citing *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431 (Ind. 1993)).